IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00012

| | |
|---|---|
| JANE DOE,<br><br>By and through her Guardian *ad litem*, PAIGE L. PAHLKE;<br><br>And<br><br>KAREN VAUGHN, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES PAUL BLAIR, in his individual capacity and in his official capacity as an officer of the Lowell Police Department;<br><br>SCOTT BATES, in his official capacity as the Chief of the Lowell Police Department;<br><br>THE CITY OF LOWELL, a North Carolina Municipality,<br><br>Defendants. | **COMPLAINT**<br>[Jury Trial Demanded] |

NOW COME the Plaintiffs, complaining of Defendants, alleging and saying as follows:

**PARTIES AND JURISDICTION**

1. The Plaintiff Jane Doe is a resident of Gaston County, North Carolina and is filing this action as a "Jane Doe" Complaint because she is the victim of childhood sexual abuse. Her identity has previously been made known to the Defendants.

2. Plaintiff Karen Vaughn is a resident of Gaston County, North Carolina and is the mother of Plaintiff Jane Doe. Plaintiff Karen Vaughn brings herein an action for the loss of Plaintiff Jane Doe's services during minority and the medical and other expenses reasonably necessary for treatment and care of Plaintiff Jane

Doe's injuries and for the recovery of damages for the costs of rearing the natural, biological child of Plaintiff Jane Doe and Defendant James Paul Blair.

3. The Plaintiff Jane Doe brings herein an action for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Constitution of the United States, the North Carolina Constitution and laws, for deprivation of the Plaintiff Jane Doe's right to be free from discrimination on the basis of gender; to due process of law; to equal protection of the laws; to personal security; to privacy; to freedom from unlawful sexual contact; to be free from deprivation of other rights recognized under the state and federal Constitutions and laws, against Officer James Paul Blair of the Lowell Police Department, in his individual and official capacities; against Scott Bates, the Chief of the Lowell Police Department, in his official capacity; and against the City of Lowell, a North Carolina Municipality.

4. It is alleged that the individual officer, James Paul Blair, as a part of his duties as a law-enforcement mentor who worked with children, engaged in an unlawful sexual affair with Plaintiff Jane Doe, violating various rights found under both the Constitution of the United States and the North Carolina Constitution and laws.

5. Defendants Blair, Bates and City are "persons" within the meaning of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and each has the capacity to be sued for the claims presented in this action.

6. Defendant Blair was, at all times relevant to this action, a law-enforcement officer employed by the City of Lowell. He is sued in his individual and official capacities. Upon information and belief, at all times relevant to this action, Defendant Blair was a citizen and resident of Gaston County, North Carolina. Upon information and belief, he is currently incarcerated at the Pamlico Correctional Institution in Pamlico County, North Carolina.

7. Defendant Bates was, at all times relevant to this action, a law-enforcement officer employed by the City of Lowell. He is sued in his official capacity. Upon information and belief, Defendant Bates is a resident of Gaston County, North Carolina.

8. Defendant City of Lowell (hereinafter "City") is a body politic and corporate, located in Gaston County, North Carolina, which has the power to sue and be sued pursuant to N.C. Gen. Stat. § 160A-11. At all times relevant to this action, the City acted through its managers and policy makers, including the Chief of Police and other employees of the Lowell Police Department; and the acts, edicts, and practices of said persons represent the official policies of City.

9. Upon information and belief, Defendant City has waived any governmental immunity it could have raised to the Complaint in that, pursuant to N.C. Gen.

Stat. § 160A-485, the City has liability insurance that was in force at all times relevant hereto, or in the alternative it has reserved insurance funds to cover such acts, omissions and negligence as alleged hereinafter by Plaintiffs.

10. In the alternative, Defendant City, as authorized by N.C. Gen. Stat. § 160A-485.5, has waived sovereign immunity from civil liability in tort pursuant to Article 31 of Chapter 143 of the General Statutes, as modified by G.S. § 160A-485(b) and subject to the limitations set forth in G.S. § 160A-485.5(c).

11. Defendants Blair and Bates were at all times relevant to this complaint duly appointed and acting law-enforcement officers employed by the City of Lowell, acting under color of law, *to wit*: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of North Carolina and/or the City of Lowell.

12. Upon information and belief, Defendant Blair was screened, hired, trained and supervised by the City as a law enforcement officer in the City of Lowell, North Carolina, to serve as an agent and employee of the City.

13. Upon information and belief, Defendant Blair's individual and official actions and omissions that are the subject of this Complaint were undertaken by him while acting under color of law and within the scope and course of his employment by the City.

14. At all times relevant hereto, Defendant Blair, both in his individual and official capacities, was acting as an appointed agent and employee within the scope of his employment and in furtherance of the business of his employer, the City of Lowell. Accordingly, his actions are imputed to Defendant City, which is responsible under the doctrine of *respondeat superior*, as well as the common-law principles of agency.

15. It is further alleged that the violations of Plaintiffs' rights and acts and omissions described herein were committed as a result of policies and customs of the City of Lowell. It is alleged that the City of Lowell negligently hired and retained Defendant Blair, negligently supervised him, and violated the North Carolina state and federal constitutional rights of Plaintiffs.

16. Upon information and belief, Defendant City oversaw the conduct of its officers; Defendant City conducted background checks on officer candidates, including Defendant Blair; in general Defendant City was responsible for the training, retention and supervision of officers employed by the City of Lowell.

17. Upon information and belief, both prior to the events that form the *gravamen* of Plaintiffs' action herein and since that time, Defendant City had actual or constructive notice of incidents in which a law-enforcement officer or officers

employed by Defendant City have flagrantly violated the rights of citizens, but turned a blind eye to these incidents, failed to adequately supervise or discipline offending officers, and have allowed a pattern and practice of constitutional violations to manifest.

18. The actions complained of herein occurred in Gaston County, North Carolina.

19. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

## FACTUAL SUMMARY

20. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

21. Plaintiff Jane Doe is a minor who resides with her mother, Plaintiff Karen Vaughn, in the City of Lowell, North Carolina, where Defendant James Paul Blair was employed as a law-enforcement officer.

22. Before they hired Defendant Blair, Defendant City and Defendant Bates (either personally or by and through his predecessor) possessed actual or constructive notice that Defendant Blair had engaged in illegal sexual contact with a minor.

23. After they hired Defendant Blair, Defendants City and Bates (either personally or by and through his predecessor) continued to employ Defendant Blair, despite their actual or constructive knowledge that Defendant Blair had engaged in illegal sexual contact with a minor.

24. Upon information and belief, after Defendants City and Bates hired Defendant Blair but before 2015, Defendant Blair engaged in sexual contact with multiple minor female persons, and despite their actual or constructive knowledge of these facts, Defendants City and Bates continued to employ Defendant Blair.

25. Upon information and belief, sometime in 2015, Plaintiff Karen Vaughn requested the City of Lowell's assistance in locating her daughter, Plaintiff Jane Doe.

26. Defendant Blair made contact with Plaintiff Karen Vaughn and her husband and assisted them in locating Plaintiff Jane Doe.

27. Defendant Blair located Plaintiff Jane Doe and told her to get into his police cruiser.

28. When Plaintiff Karen Vaughn and Plaintiff Jane Doe's father asked Defendant Blair to release their daughter to them, Defendant Blair ordered them to back

away, and told them that they would face arrest if they did not immediately leave the area.

29. Defendant Blair told Plaintiff Karen Vaughn and Plaintiff Jane Doe's father that he would bring Plaintiff Jane Doe home.

30. Defendant Blair, his colleagues and superiors all held out to the public that working with and mentoring children was a part of Officer Blair's job as a law-enforcement officer employed by the City of Lowell.

31. Defendant Blair told Plaintiff Jane Doe's parents that she would be safe with him, that working with children was part of his job, and that he could help Plaintiff Jane Doe.

32. Defendant Blair returned Plaintiff Jane Doe to her residence later in the day.

33. Defendant Blair began to communicate frequently both with Plaintiff Jane Doe and with Plaintiff Jane Doe's parents, in person and *via* telephone, however, he instructed Plaintiff Jane Doe to conceal certain telephonic and electronic communications from third parties, including Plaintiff's parents.

34. While in uniform and in furtherance of his duties as a law-enforcement officer employed by the City of Lowell, Defendant Blair often visited Plaintiff Jane Doe to provide her with candy or other foodstuffs, took her on rides in his police cruiser, and paid her visits at her home and elsewhere.

35. Defendant Blair also frequently visited and communicated with Plaintiff Jane Doe's parents, reassuring them that his contact with her was part of his job as a law-enforcement officer with the City of Lowell and a part of his job of helping Plaintiff Jane Doe.

36. Defendant Blair represented to Plaintiff Jane Doe's parents and to other third parties that Plaintiff Jane Doe had taken an interest in law enforcement, and that he was mentoring her on the profession of law enforcement and otherwise looking out for her well-being.

37. On numerous occasions, Defendant Blair suggested to Plaintiff Jane Doe's parents and others that any questions or suspicions as to the propriety of his relationship with Plaintiff Jane Doe would subject Plaintiff Jane Doe's parents and others to criminal liability.

38. While on duty and in a marked Lowell Police Department cruiser, Defendant Blair visited Plaintiffs' residence, whereupon he took Plaintiff Jane Doe's hand and placed it upon his erect genitalia, telling her "This is what you do to me."

39. While on duty and in a marked Lowell Police Department cruiser, Defendant Blair touched Plaintiff Jane Doe's body and told her of his desire to engage in sexual relations with her.

40. Defendant Blair engaged in numerous sexual acts with Plaintiff Jane Doe — including sexual intercourse — at various times and at various locations.

41. Defendant Blair engaged in various sexual acts with Plaintiff Jane Doe — including sexual intercourse — while on duty and under the supervision of the City of Lowell.

42. Defendant Blair engaged in numerous sexual acts with Plaintiff Jane Doe — including sexual intercourse — while in uniform and on duty, inside a marked Lowell Police Department cruiser.

43. Upon information and belief, during the times at which these numerous sexual acts with Plaintiff Jane Doe occurred, Defendants City and Bates were on notice as to Defendant Blair's whereabouts.

44. Upon information and belief, during other times at which these numerous sexual acts with Plaintiff Jane Doe occurred, Defendants City and Bates were on notice that Defendant Blair's whereabouts and actions were unaccounted for.

45. Defendant Blair impregnated Plaintiff Jane Doe.

46. On or about September 1, 2016, Defendant Blair was charged with statutory rape of a child in violation of N.C. Gen. Stat. § 14-27.25(a).

47. On or about March 9, 2017, Defendant Blair pled guilty to the charge of statutory rape and was sentenced to serve between 60 and 72 months in prison.

48. Plaintiff Jane Doe suffered physical injuries, pain and suffering and psychological and emotional trauma as a result of the acts, omissions and negligence of Defendants.

49. Plaintiff Jane Doe gave birth to a healthy male child, the natural offspring of herself and Defendant Blair. Plaintiff Karen Vaughn has exercised custody over said child and provides the care and services for said child, and pays the expenses associated with such care and services. She seeks recovery of said expenses herein.

50. Plaintiff Karen Vaughn has paid medical expenses reasonably necessary to treat the personal injuries suffered by Plaintiff Jane Doe and seeks recovery of the same herein.

51. Defendant Blair was aware of the suffering his behavior inflicted upon both Plaintiffs, and even after being questioned by Plaintiff Karen Vaughn, Defendant Blair conveyed false information to and deceived Plaintiff Karen Vaughn in order to sequester himself with Plaintiff Jane Doe, thereby prolonging and enhancing the emotional suffering of both Plaintiffs.

## FIRST CLAIM FOR RELIEF
*Negligent Hiring, Training, Supervision and Retention*
**Defendants City of Lowell and Bates**

52. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

53. Defendants City of Lowell and Bates were tasked with the affirmative duty of supervising Defendant Blair, and Defendants City and Bates owed Plaintiffs a duty to exercise due care in their supervision of Defendant Blair.

54. Defendant City of Lowell, through its Board, its officers, agents and employees, breached the duty of care owed to Plaintiffs by failing to supervise, monitor, train, retrain, educate, reeducate, discipline, terminate or otherwise correct, prevent or aid in preventing Defendant Blair's actions.

55. Defendant Bates, through his officers, agents and employees, breached the duty of care owed to Plaintiffs by failing to supervise, monitor, train, retrain, educate, reeducate, discipline, terminate or otherwise correct, prevent or aid in preventing Defendant Blair's actions.

56. Upon information and belief, Defendants City and Bates were on notice of at least one other incident in which Defendant Blair was accused of sexual contact with a minor. However, Defendants City and Bates hired Defendant Blair, willfully allowed Defendant Blair to continue on patrol, and even assigned Defendant Blair to positions in which he would come into close contact with children.

57. As a direct and foreseeable consequence of the breach of the duties Defendants owed them, Plaintiffs were injured in the manner described in this Complaint.

58. At all times relevant to this cause of action, Defendants City of Lowell and Bates, the City's Board and both Defendants' officers, agents and employees were acting in the course and scope of their employment with the City of Lowell. At all times relevant to this action, the Lowell Police Department was owned and controlled by the City of Lowell. As such, all of the conduct alleged in this cause of action is attributable to the City of Lowell.

59. Plaintiffs are entitled to an award of damages recoverable from the Defendants City of Lowell and Bates as a result of their negligent hiring, training, supervision and retention of Defendant Blair.

## SECOND CLAIM FOR RELIEF
*Assault*
**Defendant Blair**

60. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

61. Defendant Blair attempted by an intentional act, or by a show of force or violence, to cause an offensive or harmful physical contact with Plaintiff Jane Doe, including but not limited to harmful, offensive and illegal sexual contact, which injured Plaintiff Jane Doe.

62. Plaintiff Jane Doe was legally incapable of consenting to the sexual contact.

63. Plaintiff Jane Doe was placed in reasonable apprehension of an imminent threat of physical injury.

64. Defendant Blair had the present ability to cause the offensive or harmful contact with Plaintiff Jane Doe.

65. Defendant Blair committed statutory rape by engaging in sexual intercourse with Plaintiff Jane Doe while she was thirteen years of age.

66. Plaintiff Jane Doe was injured as a result of the assault upon her.

67. Plaintiff Jane Doe is entitled to an award of compensatory damages in an amount to be determined by the jury, and recoverable from Defendant Blair, for the assaults committed upon her by Defendant Blair and for the injuries and damages suffered by Plaintiff Jane Doe as a result thereof.

## THIRD CLAIM FOR RELIEF
*Battery*
**Defendant Blair**

68. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

69. Defendant Blair intended to cause an offensive or harmful physical contact with Plaintiff Jane Doe.

70. Defendant Blair did cause an offensive or harmful contact with Plaintiff Jane Doe.

71. The contact occurred without Plaintiff Jane Doe's consent; as a minor, as Plaintiff Jane Doe was legally incapable of consenting to sexual contact, including sexual intercourse.

72. Defendant Blair committed statutory rape by engaging in sexual intercourse with Plaintiff Jane Doe while she was thirteen years of age.

73. Plaintiff Jane Doe was injured as a result of the battery upon Plaintiff Jane Doe.

74. Plaintiff Jane Doe is entitled to an award of compensatory damages in an amount to be determined by the jury, and recoverable from Defendant Blair, for the batteries committed upon her by Defendant Blair and for the injuries and damages suffered by Plaintiff Jane Doe as a result thereof.

## FOURTH CLAIM FOR RELIEF
*Negligent or Intentional Infliction of Emotional Distress*
**All Defendants**

75. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

76. Defendants' conduct as alleged hereinabove was extreme and outrageous and exceeded all bounds usually tolerated by decent society.

77. Defendants' conduct was either intended to cause Plaintiffs' severe emotional distress or, in the alternative, was undertaken with such recklessness as to manifest a wanton disregard as to whether such conduct would cause Plaintiffs to suffer severe emotional distress.

78. Defendants' conduct did in fact cause Plaintiffs to suffer severe emotional distress.

79. As a result of the conduct of Defendants, Plaintiffs suffered emotional distress that no reasonable persons could be expected to endure in that Plaintiffs suffered harm to their emotional and psychological wellbeing.

80. Plaintiffs are entitled to an award of compensatory damages in an amount to be determined by the jury, and recoverable from Defendants, for the intentional or negligent infliction of emotional distress upon Plaintiffs and for injuries and damages stemming therefrom.

## FIFTH CLAIM FOR RELIEF
*Plaintiffs' Claim for Medical Expenses and Wrongful Conception*
**All Defendants**

81. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

82. Plaintiff Karen Vaughn suffered loss of Plaintiff Jane Doe's services during the latter's minority, proximately caused by the negligent and intentional conduct of the Defendants, described herein, and is entitled to damages therefor in an amount to be determined by the jury, and recoverable from Defendants.

83. Plaintiff Karen Vaughn has paid medical expenses reasonably necessary for treatment of the injuries suffered by Plaintiff Jane Doe and is entitled to an award of compensatory damages in an amount to be determined by the jury, and recoverable from Defendants.

84. In 2016, Plaintiff Jane Doe discovered that she was pregnant and further discovered that Defendant Blair was responsible for the pregnancy.

85. Plaintiff Jane Doe lacked the financial resources to care for a child, and Plaintiff Karen Vaughn already had the responsibility of other children and was unable to financially bear the responsibility of another child.

86. Defendants' negligent and intentional conduct directly caused Plaintiff Jane Doe to become pregnant.

87. As a direct result of the negligent and intentional conduct of Defendants, Plaintiff Jane Doe became pregnant and a child was born to Plaintiff Jane Doe in 2017.

88. As a further result of the negligent and intentional conduct of Defendants, Plaintiffs have been caused to suffer damages for medical expenses of Plaintiff Jane Doe, for the birth of Plaintiff Jane Doe's child, and for the general cost and maintenance of said minor child from the date of his birth until such time as he shall become of legal age or emancipated.

89. Plaintiffs are entitled to an award of compensatory damages in an amount to be determined by the jury, and recoverable from Defendants, for the damages to and medical expenses of Plaintiff Jane Doe, for the birth of Plaintiff Jane Doe's

child, for the general cost and maintenance of said minor child from the date of his birth until such time as he shall become of legal age or emancipated.

## NEGLIGENCE AND VICARIOUS LIABILITY OF DEFENDANT CITY OF LOWELL

90. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

91. At all times relevant herein, Defendants Bates and Blair were employees, servants, and/or agents of Defendant City of Lowell and acted on behalf of said City in the general course and scope of their employment and/or agency.

92. At all times relevant, Defendants Bates and Blair were acting under Defendant City's direction, control, and for its purpose.

93. The torts—including but not limited to the assaults, batteries, and the infliction of emotional distress described above—and the negligence of Defendants Bates and Blair, are imputed to Defendant City.

94. Defendants were the proximate cause of Plaintiffs' injuries and damage.

### SIXTH CLAIM FOR RELIEF
*42 U.S.C. § 1983*
**All Defendants**

95. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

96. Plaintiff Jane Doe claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the Defendants for violation of her constitutional rights under color of law.

97. The conduct of Defendants violated Plaintiff Jane Doe's civil rights guaranteed by the Constitution of the United States and the North Carolina Constitution and laws, as follows:

   a. Defendants deprived Plaintiff Jane Doe of her right to be free from discrimination on the basis of gender;

   b. Defendants deprived Plaintiff Jane Doe of her right to due process of law;

    c. Defendants deprived Plaintiff Jane Doe of her right to equal protection of the laws;

    d. Defendants deprived Plaintiff Jane Doe of her right to personal security;

    e. Defendants deprived Plaintiff Jane Doe of her right to privacy;

    f. Defendants deprived Plaintiff Jane Doe of her right to freedom from unlawful assault, battery and sexual contact at the hands of the police;

    g. Defendants deprived Plaintiff Jane Doe of other rights recognized under the state and federal Constitutions and laws.

98. Because of Defendants' actions, Plaintiff Jane Doe suffered violations of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and sundry other provisions of the state and federal Constitutions and laws.

99. Upon information and belief, prior to the acts complained of herein, the City of Lowell developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Lowell, which caused the violations of Plaintiff Jane Doe's rights.

100. Upon information and belief, it was the policy and/or custom of the City to inadequately supervise and train its police officers, including Defendant Blair, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

101. Upon information and belief, the City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

102. As a result of the above-described policies and customs, police officers of the City of Lowell, including Defendant Blair, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

103. The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Lowell to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff Jane Doe's rights alleged herein.

104. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff Jane Doe sustained injuries and sustained damages as otherwise set forth in this Complaint.

105. The conduct of Defendants entitles Plaintiff Jane Doe to punitive damages and penalties allowable under 42 U.S.C. § 1983.

106. Plaintiff Jane Doe is entitled to reasonable costs and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988.

107. Defendants are not entitled the benefit of qualified immunity as law-enforcement officers because they violated clearly established statutory or constitutional rights of which reasonable persons would have known.

**SEVENTH CLAIM FOR RELIEF**
*42 U.S.C. § 1983*
**Defendants Bates and City**
**POLICY, PATTERN, PRACTICE; NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION**

108. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

109. Defendants City and Bates had a duty to exercise ordinary and reasonable care in the screening, hiring, training, retention, supervision and discipline of its police officers.

110. Defendants City and Bates breached this duty.

111. Defendants City's and Bates' breaches of their duty directly and proximately led to damages suffered by Plaintiff Jane Doe.

112. Defendants City's and Bates' acts and conduct, as alleged hereinabove, were taken under the color of law.

113. Defendant Blair's acts and conduct, as alleged herein, violated Plaintiff Jane Doe's constitutionally protected rights.

114. Specifically, Defendant Blair's acts and conduct, as alleged herein, violated Plaintiff Jane Doe's rights as follows, in addition to other ways: Defendant Blair's assaults, batteries and infliction of emotional distress upon Plaintiff Jane Doe violated Plaintiff Jane Doe's right to be free from discrimination on the basis of gender; to due process of law; to equal protection of the laws; to personal security; to privacy; to freedom from unlawful assault, battery and sexual contact at the hands of the police; and other rights to be described more fully at trial.

115. Upon information and belief, Defendants' violations of Plaintiff Jane Doe's Constitutional rights were made pursuant to policy, procedure, past practice, habit, custom, and/or directives of Defendants City and Bates.

116. Upon information and belief, Defendant Blair's violation of Plaintiff Jane Doe's rights was pursuant to and consistent with an informal or *de facto* policy, or a custom of Defendant Blair's employer. Defendant Blair has engaged in a pattern of conduct in violation of established norms of which his employers had notice but negligently and recklessly failed to correct.

117. Defendants, by and through the position of knowledge, activities and ratification of the person or persons having supervisory responsibility over said case implemented, promulgated, adopted, ratified and acquiesced in the deliberate indifference to the serious deprivation of Plaintiff Jane Doe's rights and willfully, wantonly, recklessly or negligently created an unlawful and unreasonable risk of injury to Plaintiff Jane Doe.

118. Defendants, by and through the position of knowledge, activities and ratification of the person or persons having supervisory responsibility over said case implemented, promulgated, adopted, ratified and acquiesced in the deliberate indifference to the rights of Plaintiff Jane Doe and willfully, wantonly, recklessly or negligently created an unlawful and unreasonable risk of violations of Plaintiff Jane Doe's state and federal constitutional rights and rights under laws.

119. As a direct and proximate result and consequence of the activities of Defendants, Plaintiff Jane Doe was deprived of her rights as secured and guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and other provisions of the federal and state Constitutions and laws.

120. As a direct and proximate result of the activities alleged above, Plaintiff Jane Doe suffered damages, including pain and suffering, for which Defendants are liable.

121. Defendants City's and Bates' actual and/or *de facto* policies, practices and customs were a direct and proximate cause of the injuries and damage suffered by Plaintiff and the deprivation of her rights as alleged herein.

122. Such policies and customs include the failure to properly supervise, discipline and otherwise control police officers; the failure to screen potential police officers; and the failure to investigate the backgrounds and aptitude for police work of current and potential officers.

123. Defendants City and Bates are liable for Defendant Blair's conduct because they negligently hired and retained Defendant Blair and are therefore deemed to have ratified Defendant Blair's conduct.

124. The acts of Defendant City were committed under color of law.

## EIGHTH CLAIM FOR RELIEF
*42 U.S.C. § 1983*
**Defendants Bates and City**
## FAILURE TO TRAIN, SUPERVISE & DISCIPLINE

125. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

126. Defendants, jointly and severally, negligently, deliberately, recklessly failed to properly train or supervise the officers involved in the unlawful and unconstitutional conduct described herein, resulting in the injuries and damage to Plaintiff Jane Doe herein described.

127. The failure to train and/or discipline was the result of the Defendants' deliberate disregard of the Constitutional rights of Plaintiff Jane Doe and the public at large.

128. As a proximate result of Defendant City's failure to properly supervise, train and discipline Defendant Blair and any other officer involved in the unlawful and unconstitutional conduct described herein, Plaintiff Jane Doe suffered severe physical and mental injuries.

129. The failure of Defendant City to properly train or supervise Defendant Blair constituted deliberate indifference to Plaintiff Jane Doe's rights and others with whom Defendants, their agents and employees came into contact.

## PUNITIVE DAMAGES PURSUANT TO N.C. GEN. STAT. § 1D

130. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

131. Through their failure to adhere to applicable police policies and exercise proper supervision and control, Defendants evinced reckless or callous indifference to Plaintiffs' rights.

132. Defendants owed Plaintiffs a duty of reasonable care under the circumstances.

133. The acts and omissions of Defendants constituted wanton and reckless

Page 15 of 17
Case 3:19-cv-00012-RJC-DSC   Document 1   Filed 01/08/19   Page 15 of 17

negligence and constituted an actual conscious indifference to the health, safety and welfare of Plaintiffs.

134. Defendants owed Plaintiffs a duty to exercise that level of care in the training and supervision of officers which would have prevented Plaintiffs' injuries.

135. Defendants, including but not limited to those whose identities have not yet been ascertained, owed Plaintiffs a duty of reasonable care under the circumstances.

136. Defendants, including but not limited to those whose identities have not yet been ascertained, negligently, recklessly and wantonly breached that duty and as a direct and proximate result, Plaintiffs suffered injuries.

137. Plaintiffs are entitled to recover punitive damages from Defendants, jointly and severally, pursuant to N.C. Gen. Stat. §1D *et seq*.

WHEREFORE, Plaintiffs pray the Court as follows:

1. That as a direct and proximate result of Defendants' torts, negligence and violations of Plaintiffs' rights, Plaintiffs be awarded compensatory damages;

2. That Plaintiffs, in particular Plaintiff Karen Vaughn, be awarded compensatory damages for medical expenses reasonably necessary for the treatment of Plaintiff Jane Doe's injuries, and damages for the general cost and maintenance of the minor child of Plaintiff Jane Doe from the date of his birth until such time as he shall become of legal age or emancipated;

3. That Plaintiffs be awarded punitive damages from Defendants, jointly and severally, pursuant to N.C. Gen. Stat. §1D *et seq*. and/or 42 U.S.C. § 1983;

4. That the costs of this action be taxed to Defendants;

5. That Plaintiffs recover from Defendants interest on any recovery hereunder, from the date of the filing of this action until paid, as provided by law, in an amount no less than 8% per annum;

6. That Plaintiffs recover attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1, pursuant to 42 U.S.C. §§ 1983 and 1988, and any other legal doctrine, statute or law providing for the recovery of attorneys' fees;

7. That Plaintiffs have a trial by jury on all issues so triable; and

8. For such other and further relief as to which Plaintiffs may be entitled or as the Court may see proper and just.

This the 8th day of January, 2019.

/s/Matthew R. Arnold
Matthew R. Arnold
N.C. Bar No.: 31370

/s/ J. Bradley Smith
J. Bradley Smith
N.C. Bar No.: 3293

/s/ Paul A. Tharp
Paul A. Tharp
N.C. Bar No.: 34244
ARNOLD & SMITH, PLLC
The Historic John Price Carr House
200 North McDowell Street
Charlotte, North Carolina 28204
Telephone:   704.370.2828
Facsimile:    704.370.2202
Email:         pat@arnoldsmithlaw.com