IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00012

| | |
|---|---|
| JANE DOE,<br><br>By and through her Guardian *ad litem*, PAIGE L. PAHLKE;<br><br>And<br><br>KAREN VAUGHN, Individually,<br><br>         Plaintiffs,<br><br>vs.<br><br>JAMES PAUL BLAIR, in his individual capacity,<br><br>         Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION** |

COME NOW the Plaintiffs, by and through the undersigned attorney, pursuant to LCvR 7.1(c), and provide unto the Court their Memorandum of Law in Support of their Motion for Leave to File Dispositive Motion, and incorporate herein by this reference, as if fully set forth, the contemporaneously filed Motion for Default Judgment; Memorandum in Support of Motion for Default Judgment; and the Declarations of the Plaintiffs.

Fed. R. Civ. P. 6(b)(1)(B) provides for leave to file out of time due to "excusable neglect." The rule does not define the term "excusable neglect," and in practice the term is somewhat elastic, and not limited solely to those instances in which filing omissions were caused by circumstances beyond the control of the movant. *Pioneer Inv. Serv. Co. v.*

1

*Brunswick Assoc. Ltd.*, 507 U.S. 380, 392 (1993). In this matter, Plaintiffs possessed an intent to proceed to trial against Defendant Blair. In the time that has intervened since the passage of the motions deadline, a pandemic has altered the daily lives of every American, and has changed the way that courts and persons conduct business. The Plaintiffs believe, in light of the pandemic and the Court's potential "reduced ability to obtain an adequate spectrum of jurors, and due to the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations[]" outlined in its April 1, 2020 Order (3:20-mc-00048-FDW, ECF No. 4, p. 3), that the best course towards resolution of their case would be the granting of their Motion for Leave to File and, in turn, their Motion for Default Judgment.

District Courts have recognized that "excusable neglect may extend to inadvertent delays." *Pioneer Inv. Serv. Co.*, 507 U.S. at 380. Factors for a court to consider when evaluating whether a party has demonstrated excusable neglect for a delay include (1) "the danger of prejudice to the [other party];" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Id.* at 395. *Hinterberger v. American Nurses Association* (unpublished opinion, Case Nos. 15- 1481 and 15-1803) (4th Cir. 2016).

The danger of prejudice to Defendant Blair is not great. Plaintiffs served Defendant Blair with the Summons and Complaint shortly after the filing of said documents. (ECF Nos. 3 and 8). Plaintiffs have not been required to serve pleadings subsequent to Defendant Blair's default, pursuant to Fed. R. Civ. P. 5(a)(2), however

2

they have served upon him all of the pleadings subsequent to the Summons and Complaint, in accordance with Fed. R. Civ. P. 5(b)(2)(C). Despite service of these papers and the lapse of sixteen (16) months, Defendant Blair has not appeared in this action.

Plaintiffs further submit that Defendant Blair will be served in accordance with Fed. R. Civ. P. 5(b)(2)(C) with their Motion for Default Judgment, should the Court grant them leave to file the same, and he will thus be presented with a further opportunity to appear in the case, to respond to the motion, or to make some other motion before the Court. Plaintiffs thus respectfully submit that the danger of prejudice to Defendant Blair is not great.

As to the length of any delay and its potential impact on judicial proceedings, Plaintiffs do not propose to delay these proceedings. Plaintiffs would stand ready, should the Court deny their motions, to proceed to trial against Defendant Blair. For these reasons, the delay factor favors the Court granting Plaintiffs' Motion for Leave. *Pioneer Inv. Serv. Co.*, 507 U.S. at 395.

As for "the reason for the delay, including whether it was within the reasonable control of the movant," Plaintiffs respectfully submit that their view of the best way to proceed in this case was changed by the pandemic. The effect that COVID-19 would have on the lives of persons and the conduct of business in the Western District simply could not have been foreseen by Plaintiffs at the time of the expiration of the motions deadline. Afterwards, in part due to the spread of the virus and the resulting alteration of the personal and business lives of persons, Plaintiffs determined that the best course towards resolving this case would be to do so by making a Motion for Default

Judgment. Thus, as to the control factor, Plaintiffs respectfully submit that the pandemic has changed their perspective of the best way to conclude their case against Defendant Blair. Plaintiffs respectfully submit that the control factor does not prevent the Court from granting Plaintiffs' leave. *Pioneer Inv. Serv. Co.*, 507 U.S. at 395.

Finally, as to "whether the movant acted in good faith[,]" Plaintiffs respectfully submit that they have made their Motion for Leave in good faith, and have also moved in good faith for default judgment. Plaintiffs further submit that they propose no delay of the proceedings herein, and believe their motions will serve as the best means for concluding this case, in light of its procedural posture and in light of the circumstances affecting life and business in the Western District of North Carolina.

## CONCLUSION

Based on the foregoing, Plaintiffs pray the Court grant their Motion to for Leave to File Motion for Default Judgment.

This the 12th day of May, 2020.

/s/ Paul A. Tharp
Paul A. Tharp
N.C. Bar No.: 34244
ARNOLD & SMITH, PLLC
The Historic John Price Carr House
200 North McDowell Street
Charlotte, North Carolina 28204
Telephone: 704.370.2828
Facsimile: 704.370.2202
Email: Paul.Tharp@arnoldsmithlaw.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on May 12, 2020, I electronically filed on behalf of Plaintiffs, the foregoing **Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Motion for Default Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF users or by depositing said document(s) in an envelope addressed as indicated with proper postage attached thereto and depositing same in the United States Mail:

    Scott D. MacLatchie
    Hall Booth Smith, P.C.
    13024 Ballantyne Corporate Place, Suite 625
    Charlotte, NC 28277
    *Attorney for Defendants Bates and City of Lowell*

    James Paul Blair
    Offender Number: 1538496
    Pamlico Correctional Institution
    601 3rd Street
    Bayboro, NC 28515

                                           <u>/s/Paul A. Tharp</u>
                                           N.C. State Bar No.: 34244
                                           *Attorney for Plaintiffs*
                                           ARNOLD & SMITH, PLLC
                                           The Historic John Price Carr House
                                           200 North McDowell Street
                                           Charlotte, NC 28204
                                           Telephone: (704) 370-2828
                                           Facsimile: (704) 270-2202
                                           E-mail: Paul.Tharp@arnoldsmithlaw.com