IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00012

JANE DOE,

By and through her Guardian *ad litem*, PAIGE L. PAHLKE;

And

KAREN VAUGHN, Individually,

    Plaintiffs,

vs.

JAMES PAUL BLAIR, in his individual capacity;

    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

COME NOW the Plaintiffs, by and through the undersigned attorney, pursuant to LCvR 7.1(c), and provide unto the Court their Memorandum of Law in Support of their Motion for Default Judgment.

# FACTS

At all times relevant, Plaintiff Jane Doe, aged thirteen (13) resided with her mother, Plaintiff Karen Vaughn, in Lowell, North Carolina. (ECF No. 1, p. 4, par. 21). The City of Lowell employed Defendant James Paul Blair as a law-enforcement officer. *Id.*

In 2015, after Plaintiff Jane Doe ran away from home, Plaintiff Karen requested the assistance of the Lowell Police Department to find her. *Id.* at p. 4, par. 25. Defendant Blair assisted Plaintiff Karen and her husband, Timothy, in finding Plaintiff Doe, however after

1

finding her, he told Plaintiff Karen and Timothy that he would bring Plaintiff Doe home, and he ordered them to leave the area or face arrest. *Id.* at pp 4-5, pars. 25-29. When he later returned Plaintiff Doe to her residence, Defendant Blair told Plaintiff Karen and Doe's father, Timothy, that working with children was part of his job, and that he could mentor Plaintiff Doe. *Id.* at p. 5, pars. 31, 36. Defendant Blair began to communicate with Plaintiff Doe frequently, visited her at her residence, and took her on rides in his police cruiser, all while telling her parents and others that anyone who voiced any concern regarding the propriety of his relationship with Plaintiff Doe could face criminal liability. *Id.* at p. 5, pars. 33-34, 37.

Defendant Blair manipulated Plaintiff Doe into engaging in a sexual relationship with him, and in 2016, he impregnated her. *Id.* at pp. 5-6, pars. 38-40, 45. Defendant Blair pled guilty in Gaston County Superior Court on March 9, 2017 to statutory rape of a child in violation of N.C. Gen. Stat. § 14-27.25(a). *Id.* at p. 6 pars. 46-47.

Plaintiff Doe has suffered physical, psychological, and emotional damage as a result of Defendant Blair's actions. *Id.* at p. 6, par. 48. Plaintiff Karen has likewise suffered emotionally and psychologically as a result of Defendant Blair's manipulation and deception. *Id.* at p. 7, par. 51. Plaintiff Karen has exercised physical custody over the child born of Jane Doe and Defendant Blair, and she has incurred significant expenses associated with care of the child. *Id.* at p. 6, par. 49. Both Plaintiffs seek damages for the negligent or intentional infliction of emotional distress upon them, by Defendant Blair, whose acts of manipulation and deception served to enhance and prolong the suffering that each of the Plaintiffs suffered. *Id.* at p. 7, par. 51.

Plaintiff Doe sued Defendant Blair for assault and battery, for the negligent or intentional infliction of emotional distress, and for damages for violation of her constitutional rights pursuant to 42 U.S.C. § 1983. *Id.* at pp. 7-8; 11-13, pars. 60-80; 95-107.

Plaintiff Karen Vaughn sued Defendant Blair for the negligent or intentional infliction of emotional distress and for medical expenses associated with Defendant Blair's wrongful conception of a child with Plaintiff Doe. *Id.* at pp. 8-11, pars. 75-89. Both Plaintiffs sought punitive damages from Defendant Blair. *Id.* at pp. 15-16, pars. 130-137.

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint in this action on January 8, 2019. (ECF No. 1). Plaintiffs served the Summons and Complaint upon Defendant Blair on or about January 20, 2019. (ECF No. 3; ECF No. 8). Plaintiffs requested Entry of Default on or about March 5, 2019. (ECF No. 11). The Clerk entered default against Defendant Blair on or about March 7, 2019. (ECF No. 12). Plaintiffs have dismissed all other defendants from this case. (ECF No. 25).

Plaintiff Jane Doe contends that she is entitled to default judgment for monetary relief in the amount of $500,000.00 in compensatory damages and $1,500,000.00 in punitive damages. Plaintiff Karen Vaughn contends that she is entitled to $200,000.00 in compensatory damages and $600,000.00 in punitive damages.

# ARGUMENT

## I. Summary of Plaintiffs' Claims

Plaintiff Doe alleges that Defendant Blair assaulted her. In North Carolina, a Plaintiff in an assault case must prove that the Defendant:

1. "…by an intentional act or display of force and violence threatened the plaintiff with imminent bodily injury[;]"

2. "…that such act or display caused the plaintiff to have a reasonable apprehension that [harmful] [offensive] contact with [her] person was imminent."

N.C.P.I. – Civil 800.50.

Plaintiff Doe has alleged that Defendant Blair battered her. A Plaintiff making a battery claim in North Carolina must prove that the Defendant:

1. "…intentionally caused bodily contact with the plaintiff[;]

2. "…that such bodily contact [actually offended a reasonable sense of personal dignity] [caused physical pain or injury][;]" and

3. "…that such bodily contact occurred without the plaintiff's consent."

N.C.P.I – Civil 800.51.

Both Plaintiffs have alleged that Defendant Blair negligently or intentionally inflicted emotional distress upon them. A Plaintiff making a negligent or intentional-infliction-of-emotional-distress claim in North Carolina must prove that the Defendant:

1. "...engaged in extreme and outrageous conduct[;]"

2. "…[intended to cause] [or which was] [recklessly indifferent to the likelihood it would cause] severe emotional distress to the plaintiff; and"

3. "…defendant's conduct in fact caused severe emotional distress to the plaintiff."

4

N.C.P.I. – Civil 800.60.

Plaintiff Doe has sued Defendant Blair for violation of her constitutional rights, pursuant to 42 U.S.C. § 1983. A Plaintiff in an action pursuant to 42 U.S.C. § 1983 in North Carolina must prove that the Defendant:

1. Acted under color of law, and;

2. Deprived Plaintiff of her particular rights under the Constitution of the United States.

9th Circuit Court of Appeals Pattern Jury Instructions 9.2 and 9.18 (2006); 7th Circuit Court of Appeals Pattern Jury Instructions 7.08.

In the Complaint, Plaintiff Doe alleged that Defendant Blair deprived her of her right to be free from discrimination on the basis of her gender, of her right to due process, of her right to equal protection, of her right to personal security, of her right to privacy, and of her right to be free from unlawful assault, battery, and sexual contact at the hands of a law-enforcement officer. (ECF No. 1, par. 97).

In a prior case involving a sexual assault by a law-enforcement officer, the Fourth Circuit described the due process right which was violated by the officer as a "right ... not to be subjected by anyone acting under color of state law to the wanton infliction of physical harm." *Jones v. Wellham,* 104 F.3d 620, 628 (4th Cir.1997). In another similar case, the Fourth Circuit alternately described the due process right at issue as "protection against unreasonable bodily intrusions by state actors" in discussing a claim based on abusive sexual conduct in a state facility. *McWilliams v. Fairfax County Bd. of Supervisors,* 72 F.3d 1191, 1197 (4th Cir.), *cert. denied,* 519 U.S. 819 (1996). In addition, the Fifth Circuit, in a 1994 case involving sexual abuse of school children by a teacher, held that a claimant

5

possessed a well-established "liberty interest in ... bodily integrity." *Doe v. Taylor Ind. Sch. Dist.,* 15 F.3d 443, 450–52 (5th Cir.1994), The Ninth Circuit has similarly recognized an individual's "right to bodily privacy," in *Sepulveda v. Ramirez,* 967 F.2d 1413, 1415–16 (9th Cir.1992). Finally, the Eighth Circuit has applied the due process analysis to a violation by a state actor of an individual's bodily integrity, recognizing in *Haberthur v. City of Raymore, Missouri,* 119 F.3d 720, 723 (8th Cir.1997) the due process right to be free from unwelcome "sexual fondling and touching or other egregious sexual contact" by a police officer.

Based on the authorities described above, Plaintiff Doe has made a cognizable claim for damages under 42 U.S.C. § 1983.

Plaintiff Doe has made a claim for punitive damages under 42 U.S.C. § 1983. Punitive damages may be awarded under 42 U.S.C. § 1983 if a Defendant's conduct was malicious or in reckless disregard of a plaintiff's rights. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights. In determining the amount of punitive damages, courts have considered the following factors: the reprehensibility of Defendant's conduct; the impact of Defendant's conduct on Plaintiff; the relationship between Plaintiff and Defendant; the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered. *See* 7th Cir. Pattern Jury Instructions, 7.24.

Both Plaintiffs have made a claim for punitive damages under North Carolina's punitive damages statute. Under North Carolina law, punitive damages may be awarded if Defendant injured Plaintiffs through maliciousness, willful or wanton injury, or gross negligence. Punitive damages may be assessed against Defendant Blair if he intentionally failed to carry out some duty imposed by law or contract which was necessary to protect the safety of Plaintiffs, or if he undertook an act wantonly, or in conscious or reckless disregard for the rights and safety of others, or engaged in gross negligence, that is, he lacked even slight care, showing indifference to the rights and welfare of others, or showing negligence of an aggravated character. N.C.P.I. CIVIL 810.91.

The factual assertions made in Plaintiffs' Complaint and admitted by Defendant Blair, coupled with Plaintiffs' detailed affidavits, show that Defendant Blair engaged in the very type of egregious conduct for which punitive damages may be awarded.

## II. Effect of Defendant Blair's Default

Upon entry of default, the complaint's factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *See* Fed. R. Civ. P 55(b)(2); *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977). Where, as here, Plaintiffs' damages are either punitive or are not capable of ascertainment from definite figures contained in documentary evidence or detailed in affidavits, they require "proving up" through an evidentiary hearing or some other means. *Dolphin v. Ruiz,* 2008 WL 4552940, at *3 (C.D.Cal.2008) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323–24 (7th Cir.1983)). Plaintiffs' burden "in 'proving up' damages is relatively lenient." *Elektra Entm't Grp., Inc. v. Bryant,* 2004 WL 783123, at *2

7

(C.D.Cal.2004) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp.,* 973 F.2d 155, 159 (2d Cir.1992)). Injury is admitted upon default, but the Plaintiffs "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled." *Wu v. Ip,* 1996 WL 428342, at *1 (N.D.Cal.1996) (citing *Greyhound,* 973 F.2d at 159). The decision to enter default is within the discretion of the district court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980).

Plaintiffs note that even if Defendant Blair had appeared in this action, he likely would have been estopped from defending against Plaintiffs' claims. The doctrine of collateral estoppel, or issue preclusion, provides that once a court has decided an issue necessary to its judgment, that decision is conclusive in a subsequent suit as to a party to that suit, even if the second suit is on a different cause of action. *United States v. Mendoza,* 464 U.S. 154, 158 (1983). Defendant Blair pled guilty to statutory rape on March 9, 2017. He has therefore admitted undertaking the act that served as the basis of Plaintiffs' Complaint.

Defendant Blair would be collaterally estopped from relitigating the issues that were resolved in his criminal case, namely the same issues that underlie Plaintiffs' actions. His admission of guilt, acknowledging that he acted "willfully," estops him from litigating Plaintiffs' entitlement to punitive damages. *Jessup v. Hill,* 2008 WL 11452320, *4 (M.D.N.C. 2008)(citing *McCallum v. N.C. Coop. Extension Serv. of N.C. State Univ.*, 142 N.C. App. 48, 54 (2001) (citing *King v. Grindstaff,* 284 N.C. 348, 358 (1973); *Fate v. Dixon,* 649 F. Supp. 551 (E.D.N.C. 1986)(citing *Parklane Hosiery Co.,* 439 U.S. at 331); *Fate,* 649 F.Supp. at 559 (citing *Polk v. Montgomery County, Md.,* 782 F.2d 1196, at 1201 (4th Cir.1986)).

Therefore, even if Defendant Blair had appeared in this action, the case would almost assuredly have proceeded to this same juncture: a calculation of the measure of Plaintiffs' damages.

## III. Plaintiffs' Damages

**A. <u>Compensatory Damages</u>**

Damages for pain and suffering in claims under 42 U.S.C. 1983 involving sexual abuse illustrate that such damages, though difficult to quantify, can be substantial. As the United States Supreme Court explained in *County of Sacramento v. Lewis,* 523 U.S. 833, 834 (1998), the "shocks the conscience" standard of substantive due process is concerned with preventing government officials from "abusing their power, or employing it as an instrument of oppression."

That is precisely what Defendant Blair did in this case: he used the authority of his office to manipulate Plaintiff Doe into an illegal sexual relationship, and he used the same authority to intimidate Plaintiff Karen into silence. The United States District Court for the District of Idaho confronted a very similar factual scenario in *Nicholson v. Delgadillo,* 2014 WL 6895566, No. 1:12-cv-00470-EJL-CWD (Idaho 2014). In that case, the District Court cited a number of cases illustrating damage awards in cases involving law-enforcement-officer sexual assaults, cases in which a Plaintiff-victim was required to meet her "relatively lenient" burden in proving up damages that were largely "punitive or [] not capable of ascertainment from definite figures contained in documentary evidence[.]" *Elektra Entertainment Group, Inc. v. Bryant,* 2004 WL 783123 at *2 (C.D.Cal. 2004); *(*Additional Citations Omitted).

Cases gathered by the *Nicholson* Court supporting high damage awards included:

*Parrish v. Luckie,* 963 F.2d 201, 207 (8th Cir.1992):
Compensatory damages in the amount of $200,000.00 were awarded to a woman falsely arrested and raped by a police officer in a case under 42 U.S.C. 1983.
--
*Parker v. Williams,* 855 F.2d 763, 775 (11th Cir.1988), *withdrawn and superseded on other grounds,* 862 F.2d 1471 (11th Cir.1989): $100,000 in compensatory damages were awarded to a plaintiff in a case brought under 42 U.S.C. 1983 who was kidnapped and raped by a corrections officer.
--
*Rogers v. City of Little Rock,* 152 F.3d 790 (8th Cir.1998):
$100,000.00 awarded to a plaintiff who was raped by a police officer after he stopped her for a traffic violation.
--
*West v. Waymire,* 114 F.3d 646 (7th Cir.1997): Damages in the amount of $600,000.00 were awarded to 13-year-old girl who was molested on multiple occasions by police officer.
--
*Jones v. Wellham,* 104 F.3d 620 (4th Cir.1997):
Damages in the amount of $650,000 were awarded to a woman raped by an on-duty police officer.
--
*Doe v. Mann,* 2007 WL 2028833 (M.D.Fla.2007):
Court awarded a plaintiff $1.1 million dollars in compensatory damages (comprised of $500,000 for past pain and suffering, $500,000 for future pain and suffering, $6,000 for past therapy and $100,000 for future therapy costs) after the Defendant defaulted. The case involved a 14–year old plaintiff who was raped by a police officer.
--
*Mitchell v. Bones,* 385 F.Supp.2d 62 (D.Me.2005):
Court awarded $300,000.00 in compensatory damages to a minor in an action under 42 U.S.C. 1983 who was forced to engage in sexual activity on three occasions by a police officer. The *Mitchell* Court, citing the Plaintiff's lack of any evidence of hard costs, determined nonetheless that a high damages award was justified because the officer-defendant's "criminal actions against plaintiff, under the guise and authority of a law enforcement officer ... represent a severe and inexcusable breach of trust and position and have had a substantially deleterious effect on [plaintiff]." *Id.* at 64.

*G.G. v. Grindle,* 665 F.3d 795 (7th Cir.2011):
Court awarded compensatory damages in the amount of $250,000 to 10–year old victim of a teacher's sexual abuse.

--

*Hall v. Terrell,* 648 F.Supp.2d 1229 (D.Colo.2009):
In a case under 42 U.S.C. 1983, a Court awarded $354,070.00 in a default judgment ($4,070 for medical costs and $350,00 for emotional distress, mental anguish and suffering), all comprised of compensatory damages awarded against prison guard for brutally raping an inmate.

--

*Etters v. Shanahan,* 2013 WL 787344 (E.D.N.C.2013):
Court awarded $100,000.00 in compensatory damages to an inmate raped, assaulted and harassed by a corrections official, following entry of default judgment.

--

*Trinidad v. City of Boston,* 2011 WL 915338 (D.Mass.2011):
A Court awarded $200,000.00 in compensatory damages to a 19–year old prostitute who had been forced to engage in oral sex on several occasions by a police officer.

--

*Ortiz v. Lasker,* 2010 WL 3476017 (W.D.N.Y.2010):
A Court awarded a Plaintiff who was raped by a corrections officer $250,000.00 in compensatory damages.

--

Plaintiffs respectfully submit that, in addition to the authorities cited above, the *Kauhako* case, described below—a case originating in the State of Hawaii—supports their claims for damages:

*Kauhako v. State of Hawaii Board of Education,* 744 Fed. Appx. 344 (9th Cir. 2018):
The mother of a minor sexual assault claimant was awarded $157,500.00 for the intentional or negligent infliction of emotional distress upon her, while the minor Plaintiff was awarded $630,000.00 in compensatory damages, $2,825.00 in medical damages, and $20,000.00 in future medical damages. *See Kauhako v. State of Hawaii Board of Education,* 2016 WL 7362835 (Hawaii 2016). These damage awards were later upheld on appeal.

Based on these cases and based on the record in this case, Plaintiff Jane Doe respectfully submits that a compensatory damage award in the amount of $500,000.00 is reasonable under the circumstances, given the profound permanent damage done to the emotional well-being of a child at the hands of a law enforcement officer. This award is

11

also consistent with and within the range of damages awarded by federal courts in comparable cases. Plaintiff Karen Vaughn respectfully submits that a compensatory damage award to her, in the amount of $200,000.00, for the negligent or intentional infliction of emotional distress upon her, is reasonable under the circumstances, given the intentional manipulation, deception, and intimidation of her person undertaken by Defendant Blair, all to serve his purpose in sexually assaulting Plaintiff Karen's daughter.

### B. <u>Punitive Damages</u>

Punitive damages are available in a case under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983).

The Supreme Court has identified three "guideposts" that bear on the reasonableness of punitive damages awards. *BMW v. Gore,* 517 U.S. 559, 574 (1996). These guideposts are: "(1) the degree of reprehensibility of the tortious conduct, (2) the ratio of punitive damages to compensatory damages, and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases." *Id.*

In *State Farm. Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003), citing *Gore,* 517 U.S. at 575, the Supreme Court reiterated that reprehensibility is the "most important indicum" of the reasonableness of a punitive damages award. The Supreme Court listed five factors to examine when considering reprehensibility:

    (1) whether the harm caused is physical rather than economic;
    (2) whether the conduct causing harm shows "indifference to or a reckless
        disregard of the health or safety of others;"

12

      (3) whether the "target of the conduct" is vulnerable;
      (4) whether the defendant's conduct involves repeated actions or
      an isolated incident; and
      (5) whether the harm is a result of "intentional malice, trickery, or deceit, or mere accident."
      *Id.*

The Supreme Court further noted that sanctions of double, treble or quadruple damages have a long legislative history and are generally sufficient to deter and punish. *Id.* at 425 (citing *Gore,* 517 U.S. at 581).

Considering the factors identified in *State Farm,* the unrefuted facts of this case show that a substantial punitive damages award is appropriate.

First, the damage to Plaintiff Doe was physical, not just economical, while the damage to Plaintiff Karen was emotional and psychological. Both Plaintiffs have suffered severe and continuing emotional harm as a result of his conduct.

Second, Defendant Blair's conduct showed a complete disregard for Plaintiffs' well-being. He targeted a vulnerable teenager who had a history of mental illness, and he threatened her family—including Plaintiff Karen—with arrest, for their reasonable efforts at ensuring that Plaintiff Doe was safe while under his care.

Third, Plaintiff Doe, a minor, was particularly vulnerable to Defendant Blair's predatory acts. Given the disparity of authority between the parties, Plaintiff Karen also was particularly vulnerable, given Defendant Blair's status as a law-enforcement officer. The Court should consider "the relative positions of power or authority between the parties and determine whether the defendant misused his power or authority or abused

13

the Plaintiffs' weakness in the course of the wrongful conduct." *Dang v. Cross,* 422 F.3d 800, 810 (9th Cir.2005).

Fourth, the sexual abuse committed by Defendant Blair was not an isolated incident but instead involved multiple acts perpetrated over several months.

Fifth, the sexual abuse perpetrated by the Defendant Blair was undertaken for his own personal gratification, while at the same time he completely disregarded the permanent psychological damage he was causing his victim, a child, and her mother.

The grooming, betrayal, and rape of a child by Defendant Blair, and his use of his position as a law-enforcement officer to gain access to and victimize a 13-year-old girl, was an outrageous abuse of power and authority. In consideration of all the *State Farm* factors, an award of punitive damages in the range of three times the compensatory damages, for each Plaintiff, is appropriate.

Plaintiffs are further entitled to punitive damages under North Carolina's punitive damages statute. The standards of recovery under N.C. Gen. Stat. §§ 1D-15 and 1D-35 are markedly similar to those outlined above, and Plaintiffs respectfully submit that the evidence is clear and convincing that Defendant Blair's conduct featured aggravating factors including fraud, malice, and willful and wanton conduct. N.C. Gen. Stat. § 1D-15(b).

Plaintiff Doe respectfully requests that the Court award her $1,500,000.00 in punitive damages, while Plaintiff Vaughn respectfully requests that the Court award her $600,000.00 in punitive damages.

C. **Wrongful Conception Damages**

Plaintiff Karen Vaughn sued Defendant Blair for the negligent or intentional infliction of emotional distress, and for medical expenses associated with Defendant Blair's wrongful conception of a child with Plaintiff Doe. (ECF No. 1, pp. 8-11, pars. 75-89). North Carolina has long recognized the tort of wrongful conception, and its appellate courts have ruled that pain-and-suffering damages associated with a wrongful conception can be awarded to a claimant. *Pierce v. Piver,* 45 N.C. App. 111 (1980); *Jackson v. Bumgardner,* 318 N.C. 172 (1986). The undersigned respectfully submits that North Carolina courts have not yet recognized damages for the care and maintenance of offspring conceived in wrongful circumstances.

## CONCLUSION

Based on the foregoing, Plaintiffs pray the Court grant their Motion for Default Judgment and award to Plaintiff Doe, to be paid by Defendant Blair, $500,000.00 in compensatory damages and $1,500,000.00 in punitive damages; and to Plaintiff Karen Vaughn, $200,000.00 in compensatory damages and $600,000.00 in punitive damages.

This the 12th day of May, 2020.

/s/ Paul A. Tharp
Paul A. Tharp
N.C. Bar No.: 34244
ARNOLD & SMITH, PLLC
The Historic John Price Carr House
200 North McDowell Street
Charlotte, North Carolina 28204
Telephone: 704.370.2828
Facsimile: 704.370.2202
Email: Paul.Tharp@arnoldsmithlaw.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2020, I electronically filed on behalf of Plaintiffs, the foregoing **Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF users or by depositing said document(s) in an envelope addressed as indicated with proper postage attached thereto and depositing same in the United States Mail:

Scott D. MacLatchie
Hall Booth Smith, P.C.
13024 Ballantyne Corporate Place, Suite 625
Charlotte, NC 28277
*Attorney for Defendants Bates and City of Lowell*

James Paul Blair
Offender Number: 1538496
Pamlico Correctional Institution
601 3rd Street
Bayboro, NC 28515

/s/Paul A. Tharp
N.C. State Bar No.: 34244
*Attorney for Plaintiffs*
ARNOLD & SMITH, PLLC
The Historic John Price Carr House
200 North McDowell Street
Charlotte, NC 28204
Telephone: (704) 370-2828
Facsimile: (704) 270-2202
E-mail: Paul.Tharp@arnoldsmithlaw.com