# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00012

| | |
|---|---|
| JANE DOE,<br><br>By and through her Guardian *ad litem*, PAIGE L. PAHLKE;<br><br>And<br><br>KAREN VAUGHN, Individually,<br><br>Plaintiffs,<br>vs.<br><br>JAMES PAUL BLAIR, in his individual capacity;<br>Defendant. | **PLAINTIFFS' TRIAL BRIEF** |

COME NOW the Plaintiffs, through counsel and pursuant to Paragraph IV. C. (a) and (c) of the Court's Pretrial Order and Case Management Plan, and provide unto the Court a trial brief addressing all questions of law and anticipated evidentiary issues. Plaintiffs have moved for judgment by default, and have provided herein, for the Court's benefit, proposed Findings of Fact and Conclusions of Law.

## STATEMENT OF THE NATURE OF THE CASE

Plaintiff Jane Doe and her mother, Karen Vaughn, brought this civil action against a police officer from their hometown named James Paul Blair. Defendant Blair manipulated the 13-year-old Doe into a months-long sexual relationship which resulted in Plaintiff Doe's pregnancy and childbirth and in Blair's incarceration in state prison. Defendant Blair undertook the sexual acts with Plaintiff Doe by means of deception and

1

manipulation, and his conduct served to damage Plaintiff Doe physically and emotionally, and damaged Plaintiff Karen Vaughn emotionally.

## STATEMENT OF THE FACTS

In 2015, the-then thirteen (13)-year-old Plaintiff Jane Doe resided with her mother, Plaintiff Karen Vaughn, in Lowell, North Carolina where Defendant Blair worked as a police officer. (ECF No. 1, p. 4, par. 21).

Plaintiff Karen requested the assistance of the Lowell Police Department to find Plaintiff Doe after she ran away from home. *Id.* at p. 4, par. 25. After finding Doe, Defendant Blair told Plaintiff Karen and her husband, Timothy Vaughn, that he would bring Doe home. *Id.* at pp 4-5, pars. 25-29. Later Defendant Blair told Plaintiff Karen and Doe's father, Timothy, that working with children was part of his job, and that he could mentor Doe. *Id.* at p. 5, pars. 31, 36. He began to communicate with Doe by phone, visited her at home, and took her on rides in his police cruiser, all while threatening Doe's parents with arrest if they voiced any concerns about the propriety of his relationship with Doe. *Id.* at p. 5, pars. 33-34, 37.

Defendant Blair manipulated Doe into engaging in a sexual relationship with him, and in 2016, he impregnated her. *Id.* at pp. 5-6, pars. 38-40, 45. Defendant Blair pled guilty in Gaston County Superior Court on March 9, 2017 to statutory rape of a child in violation of N.C. Gen. Stat. § 14-27.25(a). *Id.* at p. 6 pars. 46-47.

Plaintiff Doe suffered physical, psychological, and emotional damage as a result of Defendant Blair's actions. *Id.* at p. 6, par. 48. Plaintiff Karen Vaughn suffered emotionally and psychologically as a result of Defendant Blair's manipulation and

deception. *Id.* at p. 7, par. 51. Both Plaintiffs seek damages for the negligent or intentional infliction of emotional distress upon them, by Defendant Blair, whose acts of manipulation and deception served to enhance and prolong the suffering that each of the Plaintiffs suffered. *Id.* at p. 7, par. 51.

Plaintiff Doe sued Defendant Blair for assault and battery, for negligent or intentional infliction of emotional distress, and for damages for violation of her constitutional rights pursuant to 42 U.S.C. § 1983. *Id.* at pp. 7-8; 11-13, pars. 60-80; 95-107. Plaintiff Karen Vaughn sued Defendant Blair for negligent or intentional infliction of emotional distress and for medical expenses associated with Defendant Blair's wrongful conception of a child with Plaintiff Doe. *Id.* at pp. 8-11, pars. 75-89. Both Plaintiffs seek punitive damages from Defendant Blair. *Id.* at pp. 15-16, pars. 130-137.

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint in this action on January 8, 2019. (ECF No. 1). Plaintiffs served the Summons and Complaint upon Defendant Blair on or about January 20, 2019. (ECF No. 3; ECF No. 8). Plaintiffs requested Entry of Default on or about March 5, 2019. (ECF No. 11). The Clerk entered default against Defendant Blair on or about March 7, 2019. (ECF No. 12). Plaintiffs have dismissed all other defendants from this case. (ECF No. 25).

On May 12, 2020, Plaintiffs requested the Court's leave to file a dispositive motion out of time. (ECF Nos. 26 and 27). The Court granted the Plaintiffs leave in a text-only Order on May 12, 2020. On the same date, Plaintiffs filed a Motion for Default

3

Judgment with a supporting Memorandum of Law and Declarations from both Plaintiffs. (ECF Nos. 30, 30-1, 31, and 32). Plaintiffs' motion is pending before the Court.

Plaintiff Jane Doe contends that she is entitled to default judgment for monetary relief in the amount of $500,000.00 in compensatory damages and $1,500,000.00 in punitive damages. Plaintiff Karen Vaughn contends that she is entitled to $200,000.00 in compensatory damages and $600,000.00 in punitive damages.

**ARGUMENT**

**I. Plaintiffs' View of Potential Evidentiary Issues at Trial.**

Should this case proceed to trial, Plaintiffs do not anticipate any evidentiary issues arising that will require the Court's consideration.

**II. Plaintiffs Are Entitled to Judgment as a Matter of Law.**

Plaintiffs incorporate herein by this reference their Motion for Default Judgment, Supporting Memorandum of Law, and the Declarations of Jane Doe and Karen Vaughn. (ECF Nos. 30, 30-1, 31, and 32).

Should the case proceed to trial, Plaintiffs respectfully submit that, following the presentation of their evidence, they will be entitled to judgment as a matter of law on each of their claims.

**III. Plaintiffs Propose Findings of Fact and Conclusions of Law for the Court.**

Plaintiffs have respectfully requested that the Court enter judgment in their favor as a matter of law, given Defendant Blair's default. In the event the Court enters judgment as a matter of law, Plaintiffs respectfully propose the following Findings of Fact and Conclusions of Law, for the Court's consideration:

4

Case 3:19-cv-00012-RJC-DSC    Document 34    Filed 05/15/20    Page 4 of 19

## Proposed Findings of Fact

1. Plaintiffs filed this action against Defendant James Paul Blair on January 8, 2019. (ECF No. 1).

2. Plaintiffs served the Summons and Complaint upon Defendant Blair on or about January 20, 2019. (ECF No. 3; ECF No. 8).

3. Plaintiffs requested Entry of Default against Defendant Blair on March 5, 2019. (ECF No. 11).

4. The Clerk entered default against Defendant Blair on March 7, 2019. (ECF No. 12).

5. Plaintiffs dismissed all other defendants from this case on February 12, 2020. (ECF No. 25).

6. On May 12, 2020, Plaintiffs moved for judgment by default, accompanying said motion with declarations. (ECF Nos. 30, 30-1, 31, and 32).

7. Plaintiff Jane Doe contends she is entitled to default judgment for monetary relief in the amount of $500,000.00 in compensatory damages and $1,500,000.00 in punitive damages.

8. Plaintiff Karen Vaughn contends that she is entitled to $200,000.00 in compensatory damages and $600,000.00 in punitive damages.

9. The Court finds that Plaintiff Jane Doe is now over the age of seventeen (17), and despite her minority in years, she has become emancipated by virtue of her marriage, pursuant to N.C. Gen. State. § 7B-3509. (ECF No. 31, p. 1, par. 1).

10. The Court finds that Plaintiff Doe's appointed Guardian *ad litem* is relieved of all legal duties and obligations owed to her, pursuant to N.C. Gen. Stat. § 7B-3507(2),

although said guardian assisted Plaintiff Doe by reviewing her declaration. *Id.* at p. 1, par. 3.

11. The Court finds that Plaintiff Doe was born on August 23, 2002 was raised in Gaston County, North Carolina, and has obtained her high school diploma. *Id.* at p. 2, par. 5.

12. The Court finds that abusive experiences in Plaintiff Doe's early life resulted in her diagnosis of post-traumatic stress disorder and attention deficit disorder with hyperactivity and reactive attachment disorder, prior to her adoption by Plaintiff Karen Vaughn and her husband. *Id.* at p. 2, pars. 8-9.

13. The Court finds that the Gaston County District Court terminated the parental rights of Plaintiff Doe's birth parents on January 9, 2010. *Id.* at p. 2, par. 10.

14. The Court finds that Plaintiff Karen Vaughn and her husband, Timothy Vaughn, adopted Plaintiff Doe on March 18, 2011. *Id.* at p. 2, pars. 11-13.

15. The Court finds that one of the most serious challenges Plaintiff Doe faced with her behavior was with running, and when she did not like her parents' rules or when she became upset, she would run away, although she would not stay gone very long, and would always return. *Id.* at p. 3, par. 16.

16. The Court finds that sometime in 2015, Plaintiff Karen Vaughn requested the City of Lowell's assistance in locating her daughter, Plaintiff Jane Doe. (ECF No. 1, p. 4, par. 25).

17. Through his default, Defendant Blair has admitted that he made contact with Plaintiff Karen Vaughn and her husband and assisted them in locating Plaintiff Jane Doe. *Id.* at p. 4, par. 26.

6

Case 3:19-cv-00012-RJC-DSC   Document 34   Filed 05/15/20   Page 6 of 19

18. Defendant Blair has admitted, through default, that he located Plaintiff Jane Doe and told her to get into his police cruiser. *Id.* at p. 4, par. 27.

19. Through his default, Defendant Blair has admitted that when Plaintiff Karen Vaughn and Plaintiff Jane Doe's father asked Defendant Blair to release their daughter to them, Defendant Blair ordered them to back away, and told them that they would face arrest if they did not immediately leave the area. *Id.* at pp 4-5, par. 28.

20. Defendant Blair has admitted, through default, that he told Plaintiff Karen Vaughn and Plaintiff Jane Doe's father that he would bring Plaintiff Jane Doe home. *Id.* at p. 5, par. 29.

21. Defendant Blair has further admitted, through default, that when he returned Plaintiff Jane Doe to her residence later in the day, he told Plaintiff Jane Doe's parents that she would be safe with him, that working with children was part of his job, and that he could help Plaintiff Jane Doe. *Id.* at p. 5, pars, 30-32.

22. The Court finds that Defendant Blair assured Plaintiff Doe's parents that she would be safe with him. (ECF No. 31, p. 3, par. 23).

23. Through default, Defendant Blair has admitted that he began to communicate frequently both with Plaintiff Jane Doe and with Plaintiff Jane Doe's parents, in person and *via* telephone, however, he instructed Plaintiff Jane Doe to conceal certain telephonic and electronic communications from third parties, including Plaintiff's parents. (ECF No. 1, p. 5, par. 33).

24. Defendant Blair has admitted, through default, that while he was in uniform and in furtherance of his duties as a law-enforcement officer employed by the City of Lowell,

7

he often visited Plaintiff Jane Doe to provide her with candy or other foodstuffs, took her on rides in his police cruiser, and paid her visits at her home and elsewhere. He also frequently visited and communicated with Plaintiff Jane Doe's parents, reassuring them by telling them that Plaintiff Jane Doe had taken an interest in law enforcement, and that he was mentoring her on the profession of law enforcement and otherwise looking out for her well-being. *Id.* at p. 5, pars. 33-36.

25. Through default, Defendant Blair has admitted that on numerous occasions, he told Plaintiff Karen Vaughn and Jane Doe's father that any questions or suspicions as to the propriety of his relationship with Plaintiff Jane Doe would subject Plaintiff Jane Doe's parents and others to criminal liability. *Id.* at p. 5, par. 37.

26. Defendant Blair has admitted, through default, that while he was on duty and in a marked Lowell Police Department cruiser, he visited Plaintiffs' residence, whereupon he took Plaintiff Jane Doe's hand and placed it upon his erect genitalia, telling her "This is what you do to me." *Id.* at p. 5, par. 38.

27. Defendant Blair has also admitted, through default, that while he was on duty and in a marked Lowell Police Department cruiser, he touched Plaintiff Jane Doe's body and told her of his desire to engage in sexual relations with her. *Id.* at p. 6, par. 39.

28. Through default, Defendant Blair has admitted that he engaged in numerous sexual acts with Plaintiff Jane Doe —including sexual intercourse—at various times and at various locations, while in uniform and on duty, including inside a marked Lowell Police Department cruiser, said intercourse ultimately resulting in Jane Doe's pregnancy. *Id.* at p. 6, pars. 41-42, 45.

29. The Court finds that when Plaintiff Doe informed him about the pregnancy, Defendant Blair asked her to lie and say a schoolmate of hers had gotten her pregnant. (ECF No. 31, p. 5, par. 42).

30. The Court finds that Defendant Blair also asked Plaintiff Doe to abort the baby, so that no one would find out what he had done. *Id.* at p. 5, par. 43.

31. Defendant Blair has admitted, through default, that on or about March 9, 2017, he pled guilty to the charge of statutory rape and was sentenced to serve between 60 and 72 months in prison. (ECF No. 1, p. 6, par. 47).

32. The Court finds that even after his arrest, while he was incarcerated, Defendant Blair continued to communicate with Plaintiff Doe, tell her he loved her, tell her that they would be together in the future, and asked her to send him money and perform other favors for him. (ECF No. 31, p. 5, par. 45).

33. The Court finds that after his sentencing and during his incarceration, Defendant Blair has continued to contact and harass Plaintiff Doe, oftentimes communicating with her through third parties. *Id.* at p. 5, par. 48.

34. The Court finds that Defendant Blair has threatened and blackmailed Plaintiff in an effort to secure a custody or visitation agreement involving her son. *Id.* at p. 5, par. 49.

35. The Court finds that Plaintiff Doe gave birth to a son, fathered by Defendant Blair, on March 21, 2017. *Id.* at p. 5, par. 50.

36. The Court finds that Plaintiff treated at the New Hope Treatment Center in Rock Hill, South Carolina, for a period exceeding twelve (12) months in 2017 and 2018. *Id.* at p. 5, par. 53.

37. The Court finds that during 2015 and the first half of 2016, when she was thirteen (13) years old, Defendant Blair, through his words and actions, manipulated Plaintiff Doe into thinking that he loved her, and that they could be together as boyfriend and girlfriend, and eventually as husband and wife, even though he was fifty-one (51) years old and was married and had two (2) children who were much older than her. *Id.* at p. 6, par. 54.

38. The Court finds that because of her tender age and limited life experience, Plaintiff Doe did not understand that Defendant Blair was merely using her for his own pleasure. *Id.* at p. 6, par. 55.

39. The Court finds that Defendant Blair's abuse of Plaintiff Doe's person has made her feel hurt, depressed, and humiliated, that she believed he was someone who she could trust, that she did love him, and that she was extremely hurt when she realized that he was using her feelings to further his own selfish designs. *Id.* at p. 6, par. 56.

40. The Court finds that Defendant Blair has damaged Plaintiff Doe's mental and emotional well-being, and he has caused her to distrust people and to harbor negative attitudes towards people that are very unhealthy. *Id.* at p. 6, par. 57.

41. Finally, through his default, Defendant Blair has admitted that he was aware of the suffering his behavior inflicted upon both Plaintiffs, and even after being questioned by Plaintiff Karen Vaughn, Defendant Blair conveyed false information to and deceived Plaintiff Karen Vaughn in order to sequester himself with Plaintiff Jane Doe, thereby prolonging and enhancing the emotional suffering of both Plaintiffs. (ECF No. 1, p. 7, par. 51).

42. The Court finds that Defendant Blair enhanced and prolonged the emotional suffering of Plaintiff Karen Vaughn by initially denying responsibility for Plaintiff Doe's pregnancy, by blaming the pregnancy on a schoolmate of Plaintiff Doe's and by pressuring Plaintiff Karen Vaughn to seek to abort the baby. (ECF No. 30-1, p. 3, par. 20).

43. The Court finds that Defendant Blair has threatened, harassed, and intimidated Plaintiff Karen Vaughn, initially by using the power of his office as a police officer, and later, by communicating through third parties that he may have sought, is seeking or will seek to have Plaintiff Karen Vaughn killed. *Id.* at p. 3, par. 22.

## Plaintiffs' Proposed Conclusions of Law

1. In North Carolina, a Plaintiff in an assault case must prove that the Defendant first, "…by an intentional act or display of force and violence threatened the plaintiff with imminent bodily injury[;]" and second, "…that such act or display caused the plaintiff to have a reasonable apprehension that [harmful] [offensive] contact with [her] person was imminent." N.C.P.I. – Civil 800.50.

2. A Plaintiff making a battery claim in North Carolina must prove that the Defendant first "…intentionally caused bodily contact with the plaintiff[;] second, "…that such bodily contact [actually offended a reasonable sense of personal dignity] [caused physical pain or injury][;]" and third "…that such bodily contact occurred without the plaintiff's consent." N.C.P.I – Civil 800.51.

3. Statutory rape contains an age component by which consent legally cannot be given by a minor absent marriage. *State v. Banks,* 367 N.C. 652, 659 (2014).

11

4. The Court concludes that Defendant Blair assaulted and battered Plaintiff Doe, and that Plaintiff Doe sustained damage and injury as a result of said assaults and batteries.

5. A Plaintiff making a negligent or intentional-infliction-of-emotional-distress claim in North Carolina must prove that the Defendant first "...engaged in extreme and outrageous conduct[;]" second, that the conduct was "…[intended to cause] [or which was] [recklessly indifferent to the likelihood it would cause] severe emotional distress to the plaintiff; and" third, that "…defendant's conduct in fact caused severe emotional distress to the plaintiff." N.C.P.I. – Civil 800.60.

6. Whether conduct rises to the level of "extreme or outrageous" is a question of law for the Court. *Guthrie v. Conroy,* 153 N.C. App. 15, 22 (2002).

7. Based on the Court's Findings of Fact, above, the Court concludes that an unfair power relationship existed between Defendant Blair and both Plaintiffs, that Defendant Blair's conduct included obscene or explicit physical sexual conduct toward and with Plaintiff Doe, and further, that Plaintiff Karen Vaughn, as the parent of Jane Doe who was a personal witness to many of the acts of extreme and outrageous conduct undertaken by Defendant Blair, is entitled to damages for the intentional or negligent infliction of emotional distress upon her. *Guthrie,* 153 N.C. App, 23; *Johnson v. Ruark Obstetrics and Gynecology Associates, P.A.,* 327 N.C. 283 (1990).

8. The Court concludes that Defendant Blair engaged in extreme and outrageous conduct, that said conduct was intended to cause (or Defendant Blair was recklessly indifferent to the likelihood it would cause) severe emotional distress to the Plaintiffs,

12

and that Defendant Blair's conduct in fact caused severe emotional distress to the Plaintiffs.

9. A Plaintiff in an action pursuant to 42 U.S.C. § 1983 in North Carolina must prove that the Defendant acted under color of law, and deprived Plaintiff of her particular rights under the Constitution of the United States. 9th Circuit Court of Appeals Pattern Jury Instructions 9.2 and 9.18 (2006); 7th Circuit Court of Appeals Pattern Jury Instructions 7.08.

10. The Court concludes, based on substantial legal precedent, that Plaintiff Doe's allegations that Defendant Blair deprived her of her right to be free from discrimination on the basis of her gender, of her right to due process, of her right to equal protection, of her right to personal security, of her right to privacy, and of her right to be free from unlawful assault, battery, and sexual contact at the hands of a law-enforcement officer, has served to state a cognizable claim under 42 U.S.C. § 1983. *Jones v. Wellham,* 104 F.3d 620, 628 (4th Cir.1997); *McWilliams v. Fairfax County Bd. of Supervisors,* 72 F.3d 1191, 1197 (4th Cir.), *cert. denied,* 519 U.S. 819 (1996); *Doe v. Taylor Ind. Sch. Dist.,* 15 F.3d 443, 450–52 (5th Cir.1994); *Sepulveda v. Ramirez,* 967 F.2d 1413, 1415–16 (9th Cir.1992); *Haberthur v. City of Raymore, Missouri,* 119 F.3d 720, 723 (8th Cir.1997).

11. The Court concludes, based on the Findings of Fact outlined above, that Defendant Blair, while acting under the color of his authority as a law-enforcement officer, violated Plaintiff Doe's rights of personal security, privacy, and her right to be free from unlawful assault, battery, and sexual contact at the hands of a law-enforcement officer.

12. The Court concludes that pain and suffering damages in claims under 42 U.S.C. § 1983 involving sexual abuse, though difficult to quantify, can be substantial. As the United States Supreme Court explained in *County of Sacramento v. Lewis,* 523 U.S. 833, 834 (1998), the "shocks the conscience" standard of substantive due process is concerned with preventing government officials from "abusing their power, or employing it as an instrument of oppression."

13. The Court concludes that Defendant Blair used the authority of his office to manipulate Plaintiff Doe into an illegal sexual relationship, and he used the same authority to intimidate Plaintiff Karen Vaughn into silence.

14. Based on applicable legal precedent and based on the record in this case, the Court concludes that Plaintiff Jane Doe is entitled to a compensatory damage award in the amount of $500,000.00, which is reasonable under the circumstances, given the profound permanent damage done to the emotional well-being of a child at the hands of a law enforcement officer. This award is also consistent with and within the range of damages awarded by federal courts in comparable cases.

15. The Court further concludes, based on applicable legal precedent and the record in this case, that Plaintiff Karen Vaughn is entitled to a compensatory damage award in the amount of $200,000.00, for the negligent or intentional infliction of emotional distress upon her, and that such award is reasonable under the circumstances, given the intentional manipulation, deception, and intimidation of her person undertaken by Defendant Blair, all to serve his purpose in sexually assaulting Plaintiff Karen Vaughn's daughter.

16. Punitive damages may be awarded under 42 U.S.C. § 1983 if a Defendant's conduct was malicious or in reckless disregard of a plaintiff's rights. *See* 7th Cir. Pattern Jury Instructions, 7.24.

17. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights. *Id.*

18. Under North Carolina law, punitive damages may be awarded if Defendant injured Plaintiffs through maliciousness, willful or wanton injury, or gross negligence. N.C.P.I. CIVIL 810.91.

19. Punitive damages may be assessed against Defendant Blair if he intentionally failed to carry out some duty imposed by law or contract which was necessary to protect the safety of Plaintiffs, or if he undertook an act wantonly, or in conscious or reckless disregard for the rights and safety of Plaintiffs, or engaged in gross negligence, that is, he lacked even slight care, showing indifference to the rights and welfare of others, or showing negligence of an aggravated character. *Id.*

20. Punitive damages are available in a case under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983).

21. The Supreme Court has identified three "guideposts" that bear on the reasonableness of punitive damages awards. *BMW v. Gore,* 517 U.S. 559, 574 (1996). These guideposts are: "(1) the degree of reprehensibility of the tortious conduct, (2) the

15

Case 3:19-cv-00012-RJC-DSC   Document 34   Filed 05/15/20   Page 15 of 19

ratio of punitive damages to compensatory damages, and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases." *Id.*

22. In *State Farm. Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003), citing *Gore,* 517 U.S. at 575, the Supreme Court reiterated that reprehensibility is the "most important indicum" of the reasonableness of a punitive damages award. The Supreme Court listed five factors to examine when considering reprehensibility:

> (1) whether the harm caused is physical rather than economic;
> (2) whether the conduct causing harm shows "indifference to or a reckless disregard of the health or safety of others;"
> (3) whether the "target of the conduct" is vulnerable;
> (4) whether the defendant's conduct involves repeated actions or
> an isolated incident; and
> (5) whether the harm is a result of "intentional malice, trickery, or deceit, or mere accident."

23. The Supreme Court has further noted that sanctions of double, treble or quadruple damages have a long legislative history and are generally sufficient to deter and punish. *Id.* at 425 (citing *Gore,* 517 U.S. at 581).

24. The Court concludes, considering the factors identified in *State Farm* and the unrefuted facts of this case, that a substantial punitive damages award is appropriate. The Court concludes, based on the Findings of Fact above, that the damage to Plaintiff Doe was physical, not just economical, while the damage to Plaintiff Karen was emotional and psychological. Both Plaintiffs have suffered severe and continuing emotional harm as a result of his conduct.

25. The Court concludes that Defendant Blair's conduct showed a complete disregard for Plaintiffs' well-being. He targeted a vulnerable teenager who had a history of mental

16

Case 3:19-cv-00012-RJC-DSC   Document 34   Filed 05/15/20   Page 16 of 19

illness, and he threatened her family—including Plaintiff Karen—with arrest, for their reasonable efforts at ensuring that Plaintiff Doe was safe while under his care.

26. The Court concludes that Plaintiff Doe, a minor, was particularly vulnerable to Defendant Blair's predatory acts. Given the disparity of authority between the parties, Plaintiff Karen also was particularly vulnerable, given Defendant Blair's status as a law-enforcement officer. The Court has considered "the relative positions of power or authority between the parties [to] determine whether the defendant misused his power or authority or abused the Plaintiffs' weakness in the course of the wrongful conduct." *Dang v. Cross,* 422 F.3d 800, 810 (9th Cir.2005).

27. The Court concludes that the sexual abuse committed by Defendant Blair was not an isolated incident but instead involved multiple acts perpetrated over several months.

28. The Court concludes that the sexual abuse perpetrated by the Defendant Blair was undertaken for his own personal gratification, while at the same time he completely disregarded the permanent psychological damage he was causing his victim, a child, and her mother.

29. The Court concludes that the grooming, betrayal, and rape of a child by Defendant Blair, and his use of his position as a law-enforcement officer to gain access to and victimize a 13-year-old girl, was an outrageous abuse of power and authority.

30. The Court concludes, in consideration of all the *State Farm* factors, that an award of punitive damages in the range of three times the compensatory damages, for each Plaintiff, is appropriate.

31. The Court additionally concludes that Plaintiffs are entitled to punitive damages under North Carolina's punitive damages statute.

32. The Court has considered the matters outlined in N.C. Gen. Stat. §§ 1D-1 and 1D-35, and it incorporates herein the findings and conclusions outlined above in making its punitive damages award. N.C. Gen. Stat. § 1D-50.

33. The Court concludes that Defendant Blair's conduct featured aggravating factors including fraud, malice, and willful and wanton conduct, and that the evidence that Defendant Blair's conduct featured these aggravating factors is clear and convincing. N.C. Gen. Stat. § 1D-15(b).

34. The Court concludes that Plaintiff Doe is entitled to $1,500,000.00 in punitive damages, and Plaintiff Karen Vaughn is entitled to $600,000.00 in punitive damages.

## CONCLUSION

Should this case proceed through trial, Plaintiffs plan to respectfully request that the Court grant unto them judgment as a matter of law on their claims.

Respectfully submitted this the 15th day of May, 2020.

/s/ Paul A. Tharp
Paul A. Tharp
N.C. Bar No.: 34244
ARNOLD & SMITH, PLLC
The Historic John Price Carr House
200 North McDowell Street
Charlotte, North Carolina 28204
Telephone: 704.370.2828
Facsimile: 704.370.2202
Email: Paul.Tharp@arnoldsmithlaw.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I electronically filed on behalf of Plaintiffs, the foregoing **Trial Brief** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF users or by depositing said document(s) in an envelope addressed as indicated with proper postage attached thereto and depositing same in the United States Mail:

Scott D. MacLatchie
Hall Booth Smith, P.C.
13024 Ballantyne Corporate Place, Suite 625
Charlotte, NC 28277
*Attorney for Defendants Bates and City of Lowell*

James Paul Blair
Offender Number: 1538496
Pamlico Correctional Institution
601 3rd Street
Bayboro, NC 28515

/s/Paul A. Tharp
N.C. State Bar No.: 34244
*Attorney for Plaintiffs*
ARNOLD & SMITH, PLLC
The Historic John Price Carr House
200 North McDowell Street
Charlotte, NC 28204
Telephone: (704) 370-2828
Facsimile: (704) 270-2202
E-mail: Paul.Tharp@arnoldsmithlaw.com