UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-12-RJC-DSC

| | |
|---|---|
| JANE DOE, by and through her Guardian *ad litem* Paige L. Pahlke, and KAREN VAUGHN,<br><br>   Plaintiffs,<br><br>vs.<br><br>JAMES PAUL BLAIR, in his individual capacity,<br><br>   Defendant. | <u>ORDER</u> |

**THIS MATTER** comes before the Court on the Motion for Default Judgment brought by Plaintiffs Jane Doe, by and through her Guardian *ad litem* Paige L. Pahlke, and Karen Vaughn ("Plaintiffs"). (Doc. No. 30.)

I. BACKGROUND

Plaintiffs filed suit against Defendant James Paul Blair in his individual capacity ("Defendant") on January 8, 2019. (Doc. No. 1.) Plaintiffs served the Summons and Complaint upon Defendant on or about January 20, 2019. (Docs. Nos. 3, 8.) Defendant had 21 days within which to answer or otherwise respond. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants failed to respond within this time. Plaintiffs then requested Entry of Default on or about March 5, 2019, (Doc. No. 11), and the Clerk entered default against Defendant on March 7, 2019. (Doc. No. 12.) Plaintiffs have now moved for default judgment. (Doc. No. 30.)

1

## II. LEGAL STANDARD

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); see also Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the Complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (a ""defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"") (quoting Nishimatsu Constr. Co. v.

2

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

"If the court finds that liability is established, it must then determine damages." Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; see also Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North

3

Am. Land Corp., No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

## III. ANALYSIS

In the Complaint, Plaintiffs alleges all of the following facts. (See Doc. No. 1.) Plaintiff Jane Doe is the victim of childhood sexual abuse at the hands of Defendant. (Doc. No. 1 at 1.) Plaintiff Karen Vaughn is the mother of Plaintiff Jane Doe. (Doc. No. 1 at 1.) Plaintiffs allege that Defendant was a law enforcement officer who engaged in unlawful sexual behavior with Plaintiff Jane Doe, a minor at the time of the events in question. (Doc. No. 1 at 2, 4.) Specifically, in 2015 Plaintiff Karen Vaughn requested assistance in locating her daughter, Plaintiff Jane Doe, and when Defendant found her he ordered her to enter into his police cruiser and refused to release her to Plaintiff Karen Vaughn. (Doc. No. 1 at 4–5.) Defendant told Plaintiff Karen Vaughn that Plaintiff Jane Doe would be safe with him and that he could help her. (Doc. No. 1 at 5.) After he ultimately returned her to her home, Defendant repeatedly visited and communicated with Plaintiff Jane Doe, including telling her to conceal certain communications from her mother, while separately reassuring her mother that his contact with her was part of his job. (Doc. No. 1 at 5.)

Unbeknownst to Plaintiff Jane Doe's mother, Defendant engaged in numerous sexual acts with Plaintiff Jane Doe, including sexual intercourse, at various times and locations. (Doc. No. 1 at 6.) The sexual encounters in question led to Defendant impregnating Plaintiff Jane Doe. (Doc. No. 1 at 6.) Plaintiff Jane Doe suffered physical injuries, plain, suffering, and psychological and emotional

4

trauma as a result of the whole experience. (Doc. No. 1 at 6.) Plaintiff Jane Doe eventually gave birth to Defendant's male child, for whom Plaintiff Karen Vaughn provides and pays the associated expenses, and of whom Plaintiff Karen Vaughn has taken physical custody. (Doc. No. 1 at 6.) Plaintiff Karen Vaughn has paid medical expenses reasonably necessary to treat the personal injuries suffered by Plaintiff Jane Doe. (Doc. No. 1 at 6.) On or about September 1, 2016, Defendant was criminally charged with statutory rape of a child in violation of N.C. Gen. Stat. § 14-27.25(a). (Doc. No. 1 at 6.) On or about March 9, 2017, Defendant pled guilty to the charge and was sentenced to serve between 60 and 72 months in prison. (Doc. No. 1 at 6.) These facts are all admitted by Defendants' failure to respond at all throughout the duration of this case. Ryan, 253 F.3d at 780.

Plaintiffs brought claims of Assault, Battery, Negligent or Intentional Infliction of Emotional Distress, Medical Expenses and Wrongful Conception, and liability under 42 U.S.C. § 1983, (Doc. No. 1 at 8–11.) Plaintiffs' remaining claims were brought against Defendants who have since been dismissed from the case. (See Doc. No. 1.) Plaintiffs seek compensatory damages for medical and childcare expenses under these claims, punitive damages pursuant to N.C. Gen. Stat. §1D et seq. and/or 42 U.S.C. § 1983, interest, and attorney's fees. (Doc. No. 1 at 15–16.) More specifically, the Plaintiffs' claims can be split between the claims of Jane Doe and the claims of Karen Vaughn: Jane Doe has filed claims for Assault, Battery, Negligent or Intentional Infliction of Emotional Distress, Wrongful Conception, and liability under 42 U.S.C. § 1983, while Karen Vaughn has filed claims for only

5

Negligent or Intentional Infliction of Emotional Distress and Wrongful Conception. (Doc. No. 1 at 8–11.) Neither party specified the dollar amount being sought in the Complaint. (See Doc. No. 1.) In their default judgment filings, Plaintiff Jane Doe seeks $500,000 in compensatory damages and $1,500,000 in punitive damages, while Plaintiff Karen Vaughn seeks $200,000 in compensatory damages and $600,000 in punitive damages. (Doc. No. 30 at 2.)

"When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages." In re Genesys Data Techs., Inc., 204 F.3d 124, 132 (4th Cir. 2000), certified question answered, 95 Haw. 33, 18 P.3d 895 (2001). But when a complaint does not demand a specific amount, yet does sufficiently allege a cause of action, then the Court upon reviewing a default judgment motion can weigh evidence of damages and assign a damages award without violating Fed. R. Civ. P. 54(c)'s requirement that "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." See, e.g., Etters v. Shanahan, No. 5:09-CT-3187-D, 2013 WL 787344 at *7 (E.D.N.C. Feb. 6, 2013), report and recommendation adopted, No. 5:09-CT-3187-D, 2013 WL 792834 (E.D.N.C. Mar. 4, 2013) ("Since Etters requested a specific amount of damages only in argument, but not in her complaint (see Compl. 24 ¶ 3), the award of damages exceeding the amount requested does not run afoul of the prohibition in Fed.R.Civ.P. 54(c) against awarding a default judgment exceeding the amount demanded in the pleadings"); St. Paul Fire & Marine Ins. Co. v. Virginia Sur. Co., No. 11CV1839 BTM JMA, 2013 WL 941795, at *1 (S.D. Cal. Mar. 11, 2013)

6

("the complaint need not allege the precise amount of monetary damages in order for a plaintiff to recover the damages on default judgment"); Constr. Indus. Laborers Pension Fund v. St. Charles Cty. Piping, Inc., No. 4:19CV451 RLW, 2020 WL 1853333, at *1 (E.D. Mo. Apr. 13, 2020) ("Plaintiffs did not allege a specific amount of damages in their complaint, but provided evidence of the dollar amount of damages through their Motion for Default Judgment and supporting documentation").

### A. Plaintiff Jane Doe's Claims and Damages

Plaintiff Jane Doe filed one claim for battery. The elements of battery are 1) intent, 2) harmful or offensive contact, and 3) causation. Redding v. Shelton's Harley Davidson, Inc., 534 S.E.2d 656, 659 (N.C. Ct. App. 2000). A plaintiff need not prove that a defendant had a hostile intent, but must show that he had the "intent to act, i.e. the intent to cause harmful or offensive contact...." Britt v. Hayes, 541 S.E.2d at 762 (internal quotations and citations omitted; ellipses in original). "A bodily contact is offensive if it offends a reasonable sense of personal dignity." Andrews v. Peters, 330 S.E.2d 638, 641 (N.C.Ct.App.1985) (quoting Restatement (Second) of Torts § 19 (1965)) (internal quotations omitted). By his omissions here, Defendant has admitted that he intentionally had sexual relations with a thirteen-year-old child. (See Doc. No. 1.) He has thereby admitted that he acted intentionally, perpetrated sexual contact to which the minor was legally unable to consent and which is therefore inherently harmful and offensive, and which further caused her inherent and actual injury. (Doc. No. 1 at 4–7.) Defendant is therefore

7

liable to Plaintiff Jane Doe under her claim for Battery.

Plaintiff Jane Doe also filed one claim for negligent or intentional infliction of emotional distress. The elements of a negligent infliction of emotional distress claim are: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress ..., and (3) the conduct did in fact cause the plaintiff severe emotional distress." Acosta v. Byrum, 180 N.C. App. 562, 567, 638 S.E.2d 246, 250 (2006) (quoting Johnson v. Ruark Obstetrics, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)). Intentional infliction of emotional distress is unsurprisingly similar but with an intent requirement, forcing a plaintiff to prove: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Holleman v. Aiken, 193 N.C. App. 484, 501, 668 S.E.2d 579, 590 (2008) (Denning–Boyles v. WCES, Inc., 123 N.C.App. 409, 412–13, 473 S.E.2d 38, 40–41 (1996)). Without reaching the question of intentional infliction of emotional distress, it is clear that Defendant's conduct meets the elements of at least negligent infliction of emotional distress. Defendant willfully had sexual relations with a thirteen-year-old minor child, and therefore more than negligently engaged in conduct that (to say the least) would reasonably foreseeably cause a minor child severe emotional distress both short term and long term. Defendant through his omissions has also admitted that the minor child in question suffered psychological and emotional trauma as a result of the acts. Therefore, without reaching the question of whether Plaintiff has shown that Defendant intended to cause Jane Doe extreme emotional distress, it is

8

clear that Defendant is liable to Plaintiff Jane Doe for at least negligent infliction of emotional distress.

Plaintiff Jane Doe has also asserted a claim under 42 U.S.C. § 1983. In order to prevail on this claim, "[f]irst, the plaintiff must prove that the defendant has deprived [her] of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived [her] of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970) (quoting 42 U.S.C. § 1983). The Fourth Circuit has found, in the context of physical assaults by state actors, that there exists a constitutional "right to ultimate bodily security" which is "the most fundamental aspect of personal privacy," and which is "unmistakably established in our constitutional decisions as an attribute of the ordered liberty that is the concern of substantive due process." Hall v. Tawney, 621 F.2d 607, 613 (4th Cir. 1980) (recognizing a §1983 for severe corporal punishment in public school). Here, Defendant was a law enforcement officer who, while on duty, contacted, picked up, and sexually assaulted the thirteen-year-old Jane Doe, engaging in statutory rape for which he was later convicted and for which he is currently incarcerated. (Doc. No. 1 at 5–6.) Plaintiff Jane Doe has shown that Defendant deprived her of the "right to ultimately bodily security" that the Fourth Circuit has found the constitution protects, and that Defendant did so while acting under color of law. Defendant is therefore liable to Jane Doe pursuant to her 42 U.S.C. § 1983 claim.

9

Case 3:19-cv-00012-RJC-DSC   Document 38   Filed 03/26/21   Page 9 of 17

### 1. Damages as to Plaintiff Jane Doe

Without having reached Plaintiff Jane Doe's claims for assault, wrongful conception, or intentional infliction of emotional distress, this Court has found Defendant liable to Plaintiff Jane Doe for battery, negligent inflectional of emotional distress, and pursuant to 42 U.S.C. § 1983. These claims provide a sufficient basis upon which to reach the full scope of damages that Plaintiff Jane Doe seeks. Plaintiff Jane Doe did not allege any specific damage figure in the Complaint, but is eligible for potential damages upon default judgment. Etters, 2013 WL 787344 at *7.

First Jane Doe seeks compensatory damages on the order of $500,000. (Doc. No. 32 at 15.) She seeks these damages for a number of reasons, including the emotional damage done to her at the hands of a law enforcement officer, as well as for physical injuries, pain, suffering, violation of rights, and psychological and emotional trauma as a result of being sexually assaulted by the Defendant. ((Doc. No. 32 at 11; Doc. No. 1 at 6.) Plaintiff Karen Vaughn submitted an affidavit attesting that the annual cost of maintaining and caring for the child conceived by Defendant's sexual assault was $12,096.74, and that the total cost and maintenance of the child until adulthood (treating this cost as annual) was expected to be $217,741.37. (Doc. No. 30-1 at 3.) Although the affidavit states that Plaintiff Karen Vaughn has so-far maintained physical custody of the infant, the affidavit does not suggest that Plaintiff Jane Doe does not have legal custody, nor that Plaintiff Jane Doe will not be responsible for the child-care costs herself when Jane Doe shortly

10

becomes a legal adult.

The Court is persuaded by the uncontroverted affidavit that child-care costs have averaged $12,096.74 annually thus far, and that Plaintiffs expect these costs to continue into the future. (Doc. No. 30-1.) Before reaching the party to whom these damages should be awarded, the Court notes that Plaintiff does not cite, and this Court could not find, any guidance from North Carolina or from the Fourth Circuit on whether courts may grant child cost damages in instances of rape and sexual assault. Other jurisdictions have considered this issue, though mostly in the medical malpractice context, and have reached different results. The approach which this Court finds persuasive is that traditional tort analysis of causation and damages should apply and that full recovery should be permitted for the cost of raising a child conceived in a case of rape and sexual assault. The quantifiable costs of raising a child are "a detriment proximately caused by [Defendant's] wrongful conduct," leaving "no reason to carve out an exception to the recovery of those losses as damages in this case." L.B. v. United States, No. CV 18-74-BLG-SPW-TJC, 2020 WL 2736202, at *8 (D. Mont. May 6, 2020), report and recommendation adopted sub nom. L.B. v. United States, Bureau of Indian Affs., No. CV 18-74-BLG-SPW, 2020 WL 2732074 (D. Mont. May 26, 2020). Finding such damages available, this Court will award the $217,714.37 in child-care costs that Plaintiff Karen Vaughn estimated the child requires before adulthood to the child's mother, Plaintiff Jane Doe, as just compensatory damages for the child's mother in order to assist her in raising her child.

11

As to the remaining compensatory damages, Plaintiff Jane Doe seeks damages for physical injuries, pain, suffering, and psychological and emotional trauma as a result of being sexually assaulted by the Defendant. (Doc. No. 1 at 6.) Plaintiff Jane Doe does not present evidence of any medical expenses related to her injuries, either physical or mental, and this Court therefore cannot award compensatory damages to cover medical costs. However, there is no reasonable dispute that Plaintiff Jane Doe has suffered greatly, having been statutorily raped at age thirteen by a law enforcement officer and impregnated when she was still years from being old enough to consent to sexual contact. Prior courts in such cases have "collected comparable cases and noted 'courts awarding compensatory damages for—usually multi-incident—sexual assault and rape of inmates or detainees by prison guards and corrections officers have ranged from $100,000 to $500,000.'" Etters, 2013 WL 787344 at *5 (citing Trinidad v. City of Boston, No. 07–11679–DPW, 2011 WL 915338 (D. Mass. 15 Mar. 2011)). While these cases are not identical to the one at bar, they are sufficiently similar to ascribe a damage range in this case that also involves a state actor sexually assaulting and raping a Plaintiff over whom he had authority. This Court has already granted Plaintiff Jane Doe $217,714.37, and Plaintiff Jane Doe has requested $500,000 total in compensatory damages, meaning that this Court cannot grant more than $282,285.62 for the combination of her emotional distress and the violation of her constitutional rights under § 1983. Fed. R. Civ. P. 54(c). Because this amount falls squarely within the precedential range awarded by federal courts for her § 1983 claim alone, and

12

Case 3:19-cv-00012-RJC-DSC   Document 38   Filed 03/26/21   Page 12 of 17

because this Court considers the amount just given the treatment and suffering Plaintiff was forced to endure, this Court will grant the remaining $282,285.62 for Plaintiff's emotional distress, pain, suffering, and constitutional rights violation. Plaintiff Jane Doe's total compensatory damages award is therefore $500,000.00.

Plaintiff Jane Doe also seeks punitive damages for an additional $1,500,000. (Doc. No. 32 at 15.) Punitive damages are available in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Such damages are intended "to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future." Id. at 54 (quoting Restatement (Second) of Torts § 908(1) (1977)). Here, the Defendant was at least recklessly or callously indifferent to Plaintiff Jane Doe's constitutional rights when he used the power of his law-enforcement position to sexually prey upon a thirteen year old girl, lie to her mother about the nature of their relationship, sexually assault the minor child, impregnate her, threaten her mother with prosecution should she investigate his sordid actions, and attempt to cover up his wrongdoing. (See Doc. No. 1.) This Court is convinced on these facts that Defendant's actions require punishment that rises to the level of deterrence. Smith, 461 U.S. at 54. The public relies upon law enforcement officials to protect American citizens, and the nature of law enforcement itself depends upon the population to be able to trust its officers with the most vulnerable of society especially. Such an egregious violation of that trust deserves punishment to the

13

level of setting a deterrence against others in his position acting similarly. Therefore this Court will award Plaintiff Jane Doe $1,000,000 in punitive damages.

### B. Plaintiff Karen Vaughn's Claims and Damages

Plaintiff Karen Vaughn filed one claim for negligent or intentional infliction of emotional distress. The elements of a negligent infliction of emotional distress claim are: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress ..., and (3) the conduct did in fact cause the plaintiff severe emotional distress." Acosta, 180 N.C. App. at 567. Intentional infliction of emotional distress carries intent requirement, forcing a plaintiff to prove: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Holleman v. Aiken, 193 N.C. App. 484, 501, 668 S.E.2d 579, 590 (2008) (Denning–Boyles v. WCES, Inc., 123 N.C. App. 409, 412–13, 473 S.E.2d 38, 40–41 (1996)).

There is no doubting that Defendant's actions were reprehensible, and that they were emotionally damaging to Plaintiff Karen Vaughn. However, Plaintiff Karen Vaughn has not made the showing necessary to recover for either claim of infliction of emotional distress. Whereas Plaintiff Jane Doe alleged in the fact section of the Complaint that she suffered "psychological and emotional trauma" from Defendant's actions, (Doc. No. 1 at 6), the facts alleged in the Complaint only allude in passing to "emotional suffering of both plaintiffs" with regard to Plaintiff Karen Vaughn's emotional distress, alleging "severe emotional distress" summarily

14

in the claims section alone, while her later affidavit similarly does not allege severe emotional distress. (Doc. No. 30-1.) Moreover, if she had pled these facts, she would face a problem of foreseeability with regard to the injury: Defendant's actions threatening Plaintiff Karen Vaughn with criminal charges were clearly despicable but not necessarily the type from which "severe emotional distress" would be reasonably foreseeable, while Defendant's actions towards Plaintiff Jane Doe would more foreseeably cause severe emotional distress to Jane Doe than to Karen Vaughn. The pleadings do not adequately allege either infliction of emotional distress claim by Plaintiff Karen Vaughn, and therefore the Court does not find liability here as to those claims.

Plaintiff Karen Vaughn has also alleged a claim for Medical Expenses and Wrongful Conception. (Doc. No. 1 at 10–11.) Karen Vaughn alleges first that she paid the medical expenses of Plaintiff Jane Doe, and second, that Defendant wrongfully conceived a child with Jane Doe and is therefore liable to Plaintiff Karen Vaughn for the cost of raising the child. (Id.) As to the medical expenses, Plaintiff Karen Vaughn has not submitted any evidence or amount with regard to medical expenses, and therefore the Court cannot award them to Plaintiff. Barnett v. Creditors Specialty Serv., Inc., No. 1:12CV303, 2013 WL 1629090 at *2 (W.D.N.C. Apr. 16, 2013) ("Nothing more in support of the request for actual damages is provided and the Court will not award unsubstantiated damages"). With regard to the wrongful conception claim, North Carolina does recognize claims for wrongful conception; however, Plaintiff does not plead the elements of such a claim, and the

15

Court's review of the relevant case law revealed that North Carolina courts appear to have addressed this claim exclusively in the context of medical malpractice. See, e.g., Jackson v. Bumgardner, 318 N.C. 172, 347 S.E.2d 743 (1986); McAllister v. Ha, 126 N.C. App. 326, 485 S.E.2d 84 (1997), aff'd, 347 N.C. 638, 496 S.E.2d 577 (1998); Gallagher v. Duke Univ., 852 F.2d 773 (4th Cir. 1988). What is more, Plaintiff admits that even in such cases, North Carolina has not recognized Plaintiff's sought compensatory damage in wrongful conception cases. (Doc. No. 32 at 15.)

As such, Plaintiff Karen Vaughn has failed to state a claim upon which this Court can grant relief at the default judgment stage. Karen Vaughn's only remaining claim is for punitive damages, but some form of damages – even nominal damages – need to be recoverable before a Court can determine whether to award punitive damages. Mace v. Pyatt, 203 N.C. App. 245, 255 (2010). Because Plaintiff Karen Vaughn has not sufficiently shown that Defendant is liable to her and has therefore failed to show that damages are recoverable, Vaughn's punitive damages claim similarly fails.

## IV. CONCLUSION

Plaintiff Jane Doe is entitled to $500,000 in compensatory damages and $1,000,000 in punitive damages.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Motion for Default Judgment, (Doc. No. 30), is **GRANTED in part**; and

2. The clerk shall enter default judgment in Plaintiff Jane Doe's favor in

the amount of $1,500,000.

**SO ORDERED.**

Signed: March 26, 2021

Robert J. Conrad, Jr.
United States District Judge